## BUGH et al. v. EMPLOYERS' REINSURANCE CORPORATION.

### No. 6655.

Circuit Court of Appeals, Fifth Circuit.
Jan. 31, 1933.

Rehearing Denied March 8, 1933.

J. S. Simkins, of Corsicana, Tex., for appellants.

Chas. H. Wager and Wm. K. Koerner, both of St. Louis, Mo., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment, entered on a directed verdict, denying recovery in an action under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.), for an injury which resulted in the death of Carl Bugh, an employee of the Shell Petroleum Corporation. Appellant contends that there was sufficient evidence to support a verdict based on a finding that the injury to Bugh occurred in the course of his employment.

Bugh lost his life in an airplane accident. He had owned the airplane for about three years, and during all of that time had acted as his own pilot. He had neither a license for it nor a pilot's license for himself. He used the airplane principally for his own pleasure, but on four or five previous occasions had flown it from Mildred, Tex., where he was manager of oil wells for his employer, to Mexia, Tex., some 40 miles away, for the purpose of getting supplies and parts for machinery used in pumping oil from the wells. His employer knew that Bugh had an airplane, but had not authorized him to use it in connection with his employment, and had no knowledge that he had so used it. An automobile furnished by the employer was available for use in going to and from Mexia for supplies and parts of machinery, which could also be promptly obtained on orders either by rail or by bus. On the day of the accident Bugh flew his airplane from Mildred to Mexia, and at the latter place procured some balls and seats for the pumping machinery and placed them in his airplane. In taking off on the return flight to Mildred the airplane fell, and as a result of the fall Bugh was fatally injured. Appellant testified that the sole purpose of the trip was to get needed parts of machinery; and that testimony, although it was contradicted by evidence which tended to show that Bugh was primarily on a pleasure trip and that it was his intention to bring back the supplies only because he expected to land at Mexia anyway, must be accepted as true in view of the fact that a verdict was directed for appellee.

In order to maintain an action under the Workmen's Compensation Law of Texas it must appear that the injury to the employee was sustained in the course of his employment. Article 8306, § 1. An injury is thus sustained which originates in the work or business of the employer, and is received by the employee while engaged "in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Article 8309, § 1, second subd. 4. The Supreme Court of Texas, in construing the last cited provision of the statute, has held: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business. * * * 'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task.'" Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 110, 246 S. W. 72, 73, 28 A. L. R. 1402. In Quarles v. Lumbermen's Reciprocal Association, 293 S. W. 333, it was held by a Court

of Civil Appeals of Texas that an injury to an employee which resulted from a violation of a rule prescribed by the employer to promote safety did not arise out of and was not sustained in the course of employment. And to the same effect is Fournier's Case, 120 Me. 236, 113 A. 270, 23 A. L. R. 1156. In Waterman Lumber Co. v. Beatty (Tex. Civ. App.) 204 S. W. 448, a minor who was employed in violation of a penal statute sued under the general law of negligence. The employer defended on the ground that its liability arose under the Workmen's Compensation Law; but the court held otherwise, saying that the provisions of that law applied only to valid employment contracts, and did not apply to an injury sustained by the minor employee while he was engaged in work under a contract which was in violation of the penal statute. This decision was affirmed upon appeal by the Supreme Court of Texas. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S. W. 363. It is held generally that an act of an employee which violates a statute designed to promote safety, although such act is not forbidden by the employer, is not within but is outside the scope or course of employment. Where an act is forbidden by such a statute, rules or instructions of the employer with reference to it are unnecessary. Fortin v. Beaver Coal Co., 217 Mich. 508, 187 N. W. 352, 23 A. L. R. 1153; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 139 A. 192. The English cases are to the same effect. In Barnes v. Nunnery Colliery Co., 1912 A. C. 44, it was said that while compensation could not be denied to an employee by reason of his want of prudence and caution, yet if the thing he does imprudently or disobediently "is different in kind from anything he was required or expected to do and also is put outside the range of his service by a genuine prohibition, then I should say that the accidental injury did not arise out of his employment"; and again that a distinction should be taken between "the doing of a thing recklessly or negligently which the workman is employed to do, and the doing of a thing altogether outside and unconnected with his employment." See, also, Plumb v. Cobden Flour Mills Co., 1914 A. C. 62; Moore v. Donnelly, [1921] 1 A. C. 329, 23 A. L. R. 1135.

 In this case the employee voluntarily exposed himself to a peril which was not, in the language of the Texas Supreme Court in Lumberman's Reciprocal Association v. Behnken, supra, "necessarily or ordinarily or reasonably inherent in or incident to the conduct" of his work. His use of the airplane was in direct violation of a penal statute which, after reciting that the public safety requires uniform regulations concerning aircraft and the navigation thereof, makes it unlawful for any person to navigate an airplane within the state unless it is licensed and unless the airman or pilot also is licensed; and for a violation provides punishment by fine and imprisonment. Vernon's Ann. P. C. Tex. art. 1137b. Our conclusion is that in violating these statutory regulations, the employee Bugh was doing what he was not employed to do, and was therefore acting not within but outside the scope of his employment.

The judgment is affirmed.