

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★  ★  ★  ★

# OPINION

No. 04-08-00107-CV

**STATE OFFICE OF RISK MANAGEMENT**,
Appellant

v.

Edna A. **MARTINEZ**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-17102
Honorable David A. Berchelmann, Jr., Judge Presiding

**OPINION ON APPELLEE'S MOTION FOR REHEARING**

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  June 24, 2009

REVERSED AND REMANDED

        The motion for rehearing filed by appellee Edna A. Martinez is denied.  This court's opinion

and judgment dated April 1, 2009, are withdrawn, and this opinion and judgment are substituted.

        In this workers' compensation case, the State Office of Risk Management appeals the trial

court's pre-trial directed verdict in favor of Edna A. Martinez, an employee of the Texas Department

of Protective and Regulatory Services. We reverse the judgment of the trial court and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Martinez, a child protective services caseworker employed by the Texas Department of Protective and Regulatory Services, fell while at home on Saturday, June 9, 2001, sustaining injuries to her head, neck, and left shoulder. Martinez immediately sought emergency room treatment at a local hospital. The following Monday, Martinez reported her injury to her supervisor and filed a claim for workers' compensation on the basis that her injury occurred "while she was working on generic service plans in the kitchen area" at home. When Martinez later submitted her time to her supervisor for approval, he told her that the hours for June 9, 2001 would not be approved and that her workers' compensation claim would be denied because she did not have prior approval to work at home. Subsequently, the State Office of Risk Management denied compensability for Martinez on the ground that she did not sustain the injury in the course and scope of employment. An informal dispute resolution proceeding and a contested case hearing ensued.[1] The contested case hearing officer entered findings of fact including that Martinez "was furthering the business and affairs of the Employer by making a [sic] reports and service plans that she needed to present in court on June 11, 2001" but concluded the injury was not compensable because the accident did not involve an instrumentality inherent to the employment. Martinez appealed.[2] The appeals panel

---

[1] The Texas Workers' Compensation Act provides an administrative process for parties to resolve disputed issues. The first step is a benefit review conference. TEX. LAB. CODE ANN. §§ 410.021, 410.023, 410.024 (Vernon 2006). If issues remain between the parties after the benefit review conference, the parties proceed to a contested case hearing. *Id.* § 410.151 (Vernon 2006).

[2] A party has fifteen days to appeal the decision of the contested case hearing officer to the division appeals panel. *Id.* § 410.202(a) (Vernon 2006).

agreed with Martinez and concluded that Martinez "fell and sustained injuries while working at home on June 9, 2001," there existed "evidence to support the hearing officer's decision that claimant had authority to work at home," Martinez was in the "course and scope of her employment furthering the business affairs of her employer at the time," and there existed a causal connection between the employment and her injuries.

The State Office of Risk Management then initiated this suit for judicial review.[3] Prior to trial, Martinez filed both a traditional and no-evidence motion for summary judgment; both were denied.[4] On the day the parties appeared for trial on the merits, Martinez filed a motion for "pre-trial" directed verdict and argued it was timely because: (1) the State Office of Risk Management's only basis for denying that Martinez was acting in the course and scope of her employment at the time she was injured, *i.e.*, that she did not have permission to work at home, was irrelevant as a matter of law;[5] and (2) the evidence conclusively established that the State Office of Risk Management was untimely in contesting compensability, thereby waiving that defense. After a hearing on the issues, the trial court granted the directed verdict on all grounds prior to any evidence being heard. The State Office of Risk Management now appeals, arguing that the trial court erred

---

[3] Once the appeals panel issues its ruling, the parties have forty days to file a request for review in district court. *Id.* § 410.252(a) (Vernon 2006).

[4] The record reflects that Martinez's motions for summary judgment were denied by the Honorable John Gabriel, presiding judge of the 131st Judicial District Court, Bexar County, Texas.

[5] Martinez also filed a motion in limine seeking to preclude all testimony about whether Martinez did or did not have permission to work at home at the time she was injured because such testimony was not relevant to course and scope. The trial court appeared inclined to grant the motion in limine, but did not render an oral or written ruling. *See S&A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 858 (Tex. 1995) (per curiam) (words used by trial court must convey the present intent to render judgment); *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970) (judgment's "rendition is judicial act by which the court settles and declares the decision of the law upon the matters at issue").

in granting the pre-trial motion for directed verdict. In one issue on cross-appeal, Martinez asserts that the trial court erred in denying her no-evidence and traditional motions for summary judgment.

### ANALYSIS

The State Office of Risk Management first argues it was procedurally improper for the trial court to grant Martinez's motion for pre-trial directed verdict before it had an opportunity to present evidence. We agree that "[o]rdinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested." *Tana Oil & Gas Corp. v. McCall,* 104 S.W.3d 80, 82 (Tex. 2003). In fact, it is generally reversible error for the trial court to direct a verdict without allowing the plaintiff to present all of its evidence. *See Wedgeworth v. Kirskey,* 985 S.W.2d 115, 116 (Tex. App.—San Antonio 1998, pet. denied). However, in at least one instance, the Texas Supreme Court has held that a procedural error in granting a directed verdict before the close of evidence did not require reversal where no harm was shown. *See Tana Oil & Gas Corp.,* 104 S.W.3d at 82 (holding that directed verdict granted during first witness's testimony was "irregular" but harmless because proof of all claims would still not entitle plaintiffs to the only damages sought). Accordingly, we must examine Martinez's responsive arguments supporting the trial court's pretrial directed verdict. We review a directed verdict in the light most favorable to the nonmovant disregarding all contrary evidence and inferences in order to determine whether there exists probative evidence in the record to raise a fact issue on the matter. *Szczepanik v. First Southern Trust Co.,* 883 S.W.2d 648, 649 (Tex. 1994). If there exists evidence of probative value on any theory of recovery, an instructed verdict is improper and the case must be reversed and remanded for jury determination. *Id.*

Martinez contends the trial court's directed verdict was neither premature nor improper. She argues the trial court initially and correctly determined that the only evidence the State Office of Risk Management could offer on the issue of whether Martinez was acting in the course and scope of her employment when she sustained her injuries (*i.e.*, testimony by her supervisor that Martinez did not have prior approval to work at home) was irrelevant and inadmissible as a matter of law. We disagree with Martinez's basic premise that the State Office of Risk Management had no other evidence. The record confirms that counsel for the State Office of Risk Management sought, but because of the directed verdict, was denied the right to call Martinez as an adverse witness. Thus, the trial court's actions effectively precluded the State Office of Risk Management from cross-examining Martinez's version of the facts. Generally, a party's testimony raises an issue of credibility for jury determination, thereby precluding a directed verdict. *See Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex. 1978). In fact, as our Supreme Court has noted, there exist cases "where the credibility of an interested witness or party is so suspect that it must go to the jury, even though the testimony is uncontradicted." *Id.* Here, the premature granting of a directed verdict improperly denied the State Office of Risk Management the right to cross-examine Martinez and thereby challenge her credibility on disputed fact issues relevant to whether she sustained a compensable injury.[6]

Alternatively, Martinez argues that even if the directed verdict was premature, it should nonetheless be affirmed because it essentially restated the grounds for, and expressly incorporated, Martinez's prior motions for traditional and no-evidence summary judgment. In support of this

---

[6] The Workers' Compensation Act defines a "compensable injury" as one "that arises out of and in the course and scope of employment for which compensation is payable under [the Act]." TEX. LAB. CODE ANN. § 401.011(10) (Vernon 2006). Accordingly, determining whether an employee has sustained a compensable injury involves a two-prong test: (1) whether the injury occurred in the course and scope of employment; and (2) whether the injury arose from employment. *See Tex. Workers' Compensation Ins. Fund v. Simon,* 980 S.W.2d 730, 734 (Tex. App.—San Antonio 1998, no pet.).

argument, Martinez notes that Rule 166a of the Texas Rules of Civil Procedure does not limit the number of times a motion for summary judgment may be filed or considered by the trial court. TEX. R. CIV. P. 166a. Therefore, Martinez contends that the trial court could have granted the directed verdict based on its reconsideration of the grounds set forth in her summary judgment motions. *See Winn v. Martin Homebuilders, Inc.,* 153 S.W.3d 553, 555 (Tex. App.—Amarillo 2004, pet. denied) (denial of motion for summary judgment is an interlocutory ruling subject to change without further motion or prior notice to the parties until final judgment is rendered). However, as Martinez's argument implicitly acknowledges, nothing in the record before us indicates that Martinez intended, or the trial court construed, her motion for directed verdict as a re-urging of her summary judgment motions. In fact, the orders denying summary judgment remain undisturbed. Accordingly, we reject Martinez's arguments in support of the directed verdict and sustain the State Office of Risk Management's first issue.

In its second issue on appeal, the State Office of Risk Management argues that the trial court erred in granting the motion for pre-trial directed verdict on the basis of a so-called "*Downs* waiver." In her motion for pre-trial directed verdict, Martinez argued that "a carrier who fails to either begin benefits or file a notice of refusal on or before the *seventh* day after receiving first written notice of injury is barred from later contesting compensability on any ground, unless based on newly discovered evidence." TEX. LAB. CODE ANN. §§ 409.021, .022 (Vernon 1996); *Continental Cas. Co. v. Downs*, 81 S.W.3d 803 (Tex. 2002). The *Downs* waiver, however, is no longer a viable argument for Martinez in light of the Texas Supreme Court's recent decision in *Southwestern Bell Telephone Co., L.P. v. Mitchell*, 276 S.W.3d 443 (Tex. 2008). *Downs* held that section 409.021(a) of the Texas Labor Code required insurance carriers to either initiate compensation benefits or contest them within

seven days of receiving notice of injury, and that failure to do so waived the right to contest compensability. *See id.* at 448. The Legislature promptly amended the Labor Code to make clear that this interpretation of the Code was incorrect. *Id.* Finding *Downs* to be "an anomaly in the law," the court stated that cases falling within the "gap," *i.e.*, between the holding in *Downs* and the effective date of the amendment to the Labor Code, should not be held to the erroneous standard pronounced in *Downs*. *Id.* This case falls within that gap. Accordingly, the *Downs* waiver does not apply, and the State Office of Risk Management's second issue is sustained.

In one issue on cross-appeal, Martinez asserts that we may affirm the trial court's judgment on the ground that her no-evidence and traditional motions for summary judgment were erroneously denied. Martinez contends that the trial court erred in denying her no-evidence and traditional motions for summary judgment because the State Office of Risk Management had no probative evidence that Martinez did not sustain her injury in the course and scope of employment, and because the evidence conclusively established as a matter of law that the State Office of Risk Management did not timely contest the compensability of her injury. Generally, an order denying a motion for summary judgment, whether traditional or no-evidence, is interlocutory and not appealable. *See Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex. 1980); *see also* TEX. R. CIV. P. 166a(i), 1997 Comment. Because this case does not come within an exception to the general rule that a denial of summary judgment is interlocutory and not appealable, we conclude that Martinez's cross-issue is not reviewable on appeal.

## CONCLUSION

Based on the foregoing analysis, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.


Phylis J. Speedlin, Justice