ACCEPTED
04-14-00558-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/9/2015 11:12:21 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00558-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/9/2015 11:12:21 PM
KEITH E. HOTTLE
Clerk

IN THE
## FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

## EDNA A. MARTINEZ

*Appellant*

## V.

## STATE OFFICE OF RISK MANAGEMENT

*Appellee*

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-17102
Honorable Antonia Arteaga, Judge Presiding

## APPELLANT'S BRIEF

Kenneth W. Howell
Attorney at Law
State Bar No. 10102727
629 S. Presa
San Antonio, Texas 78210
(210) 227-6305
(210) 227-6327 facsimile
kwhowell@earthlink.net

## ATTORNEY FOR APPELLANT

## ORAL ARGUMENT REQUESTED

**NO. 04-14-00558-CV**

_____

**EDNA A. MARTINEZ**

_Appellant_

**V.**

**STATE OFFICE OF RISK MANAGEMENT**

_Appellee_

_____

**IDENTITY OF PARTIES AND COUNSEL**

_____


Appellant/Defendant:                              Edna A. Martinez

Attorney for Appellant:                           Kenneth W. Howell
                                                  Attorney at Law
                                                  State Bar No. 10102727
                                                  629 S. Presa
                                                  San Antonio, Texas 78210
                                                  (210) 227-6305
                                                  (210) 227-6327 facsimile
                                                  kwhowell@earthlink.net

Appellee/Plaintiff:                               State Office of Risk
                                                  Management

Attorney for Appellee on Appeal:                  Emily R. Jakobeit
                                                  Assistant Attorney General
                                                  State Bar No. 24063075
                                                  Tort Litigation Division
                                                  P. O. Box 12548, Capitol Station
                                                  Austin, Texas 78711
                                                  (512) 475-2036
                                                  (512) 463-2224 facsimile

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

1.  SORM cannot challenge the issue of compensability on judicial review
    on any ground, because the contested case hearing findings establish the
    elements of a compensable injury and were not appealed to or decided
    by the appeals panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

    A.   The hearing officer's unappealed findings clearly establish the
         elements of a compensable injury. . . . . . . . . . . . . . . . . . . . . . .  12

    B.   SORM is barred from raising the issue of compensability on
         judicial review, because it did not appeal the contested case
         hearing findings establishing a compensable injury. . . . . . . . . . . .  14

    C.   The contested case hearing findings clearly encompass the
         "arising out of" element of compensability. . . . . . . . . . . . . . . . .  16

2.  SORM cannot raise the alleged violation of TEX. GOV'T CODE §658.010
    and §659.018 as a basis for denial for the first time on judicial review,
    because it did not raise the issue at any stage of the administrative
    proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

3.     SORM's alleged statutory violation – no prior permission to work at home – is no evidence that Martinez did not sustain a compensable injury, because it is undisputed that her injury otherwise arose out of and in the course and scope of employment... . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

       A.      Alleged violation of an employer rule regulating the manner of the work does not preclude the compensability of an injury by an employee while otherwise engaged in activities in the course and scope of employment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

       B.      Neither the language nor history of the statutes Martinez allegedly violated indicate that they apply in this case or supercede the governing workers' compensation law.. . . . . . . . . . . . . . . . . . . . . . 23

       C.      The statutes Martinez allegedly violated regulate the manner, rather than scope, of the work.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

       D.      Remand for a determination of attorney fees.. . . . . . . . . . . . . . . . . 26

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Brown v. Forum Ins. Co.*
      507 S.W.2d 576 (Tex. App. – Dallas 1974, no writ). . . . . . . . . . . . . . 22, 25

*Bugh v. Employers' Reinsurance Corp.*
      63 F.2d 36 (5th Cir. 1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*City of Pasadena v. Olvera*
      95 S.W.3d 494 (Tex. App.– Houston [1st] 2002, no pet).. . . . . . . . . . . . . 12

*ESIS Inc. v. Johnson*
      908 S.W.2d 554 (Tex. App.– Ft. Worth 1995, writ denied).. . . . . . . 12, 13, 18

*Garcia v. Texas Indem. Ins. Co.*
      209 S.W.2d  333 (Tex. 1948). . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16, 18

*Hefley v. Sentry Ins. Co.*
      131 S.W.3d 63 (Tex. App. – San Antonio 2003, pet. denied). . . . . . . . 12, 19

*Krueger v. Atascosa Cnty.*
      155 S.W.3d 614 (Tex. App. – San Antonio 2004, no pet.).  . . . 11, 14, 15, 16

*Lear Seigler, Inc. v. Perez*
      819 S.W.2d 470 (Tex. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lopez v. Zenith Ins. Co.*
      229 S.W.3d 775 (Tex. App. – Eastland 2007, pet. denied). . . . . . . . . . . . 15

*Maryland Cas. Co. v. Brown*
      115 S.W.2d 394, 397 (Tex. 1938).. . . . . . . . . . . . . . . . . . . . . 21, 22, 25

*Mid-Century Ins. Co. of Texas v. Ademaj*
      243 S.W.3d 618 (Tex. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Randall's Food Mrkts., Inc. v. Johnson*
891 S.W.2d 640 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*State Office of Risk Mgmt. v. Martinez*
300 S.W.3d 9 (Tex. App. – San Antonio 2012, pet. denied). . . . . . . . . 6 fn. 3

*Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*
136 S.W.3d 643 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Texas Workers' Comp. Ins. Fund v. Simon*
980 S.W.2d 730 (Tex. App. – San Antonio 1998, n. w. h.). . . . . . . . . . 10, 13

*TIG Premier Ins. Co. v. Pemberton*
127 S.W.3d 270 (Tex. App. – Waco 2003, pet. denied). . . . . . . . . . . . . . 15

*Vanliner Ins. Co. v. Ward*
923 S.W.2d 29, (Tex. App. – Texarkana 1996, no pet.). . . . . . . . . . . . . . 12

*Walker v. Harris*
924 S.W.2d 375 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wingfoot Ent. v. Alvarado*
111 S.W.3d 134 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 25

## STATUTES

TEX. LAB. CODE §401.011(10). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 24

TEX. LAB. CODE §401.011(12). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 23

TEX. LAB. CODE §401.011(16). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TEX. LAB. CODE §406.031(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. LAB. CODE §408.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. LAB. CODE §408.221. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

TEX. LAB. CODE §408.221(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

TEX. LAB. CODE §408.221(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

TEX. LAB. CODE §410.169.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. LAB. CODE §410.251.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. LAB. CODE §410.302(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 16, 19

TEX. LAB. CODE §410.303.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. LAB. CODE §501.001(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. LAB. CODE §501.002(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. LAB. CODE §501.002(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. LAB. CODE §501.002(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. LAB. CODE §501.002(a)(7). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. GOV'T CODE §658.010. . . . . . . . . . . . . . . . . . . . ii, 3, 6, 8, 16, 19, 23, 25

TEX. GOV'T CODE §659.018. . . . . . . . . . . . . . . . . . . . ii, 3, 6, 8, 16, 19, 23, 25

## **RULES**

TEX. R. APP. P. 39.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P. 9.4(i)1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

TEX. R. CIV. P 166a(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF THE CASE

This is a workers' compensation case. Appellee (Plaintiff), the State Office of Risk Management (SORM), brought this suit for judicial review of a final decision of the Texas Department of Insurance-Division of Workers' Compensation, formerly the Texas Workers' Compensation Commission (Commission), which found that Appellant (Defendant), Edna A. Martinez (Martinez), sustained a compensable injury. Both parties moved for summary judgment. The trial court, Hon. Antonia Arteaga, Presiding Judge, 37th District Court, denied Martinez's Second Motion for Final Summary Judgment and Motion to Reconsider her No-Evidence Motion for Final Summary Judgment, and granted SORM's Motion for Final Summary Judgment. (CR 555-56). On May 6, 2014, Judge Arteaga signed a final judgment in favor of SORM, which reversed the commission's final decision and rendered judgment that Martinez did not sustain a compensable injury. (CR 587-588; App. A 1). Martinez brings this appeal.

## ISSUES PRESENTED

1.  Whether SORM can challenge the issue of compensability on judicial review on any ground, when the contested case hearing findings establish the elements of a compensable injury and were not appealed to or decided by the appeals panel?

2.  Whether SORM can raise Martinez's alleged statutory violation as a basis for denial for the first time on judicial review, when it did not raise the issue at any stage of the administrative proceedings?

3.  Whether SORM's alleged statutory violation – no prior permission to work at home – is no evidence that Martinez did not sustain a compensable injury, when it undisputed that her injury otherwise arose out of and in the course and scope of employment?

NO. 04-14-00558-CV

IN THE
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

**EDNA A. MARTINEZ**

*Appellant*

**V.**

**STATE OFFICE OF RISK MANAGEMENT**

*Appellee*

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-17102
Honorable Antonia Arteaga, Judge Presiding

**APPELLANT'S BRIEF**

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellant (Defendant), Edna A. Martinez, respectfully submits this brief in support of her appeal of the trial court judgment rendered against her and in favor of Appellee (Plaintiff), the State Office of Risk Management. For clarity, Appellant is referred to as "Martinez," and Appellee is referred to as "SORM." Pursuant to TEX. R. APP. P. 39, Martinez respectfully requests oral argument in this case.

**STATEMENT OF FACTS**

Martinez was a child protective services caseworker for the Texas Department of Regulatory Services (TDPRS). On Saturday, June 9, 2001, she was working at home on service plans and case files for cases scheduled for a court hearing on the following Monday. (CR 39-40, 51, 54-55; CR Supp. 97-98, 133-34). As Martinez rose from the table where she was working to get a new pen, she slipped and fell, sustaining injuries to her head, neck, back, and shoulder. (CR 39-40, 54-55). That same day, she sought emergency room treatment from a local hospital. (CR 52-53, CR Supp. 132-33; 175-191).

The following Monday, June 11, Martinez reported the injury to her supervisor and made a claim for workers' compensation. (CR 51; CR Supp. 38, 133-135). However, when Martinez submitted her time for the week of June 9-19 to her supervisor for approval, he refused to approve the hours for June 9 and told her that her workers' compensation was being denied because she "didn't have prior approval to work at home." (CR Supp. 97-98; 136-38; 225-26). On June 21, SORM filed a notice of refusal denying compensability on the general ground that the injury was not sustained in the course and scope of employment. (CR Supp. 44).

Administrative dispute resolution proceedings ensued.[1] Throughout the administrative proceedings, SORM did not dispute that Martinez was performing her caseworker duties when she was injured. Rather, its main reason for denial was alleged violation of a TDPRS rule requiring prior permission to work overtime or at home. (CR Supp. 25-30, 33-36, 96-100). And while SORM maintained its denial was based on this "standard of conduct," it never denied compensability on the ground that Martinez violated TEX. GOV'T CODE §658.010 and §659.018, which pertain to the circumstances under which a state agency employee may earn overtime wages. (CR Supp. 64-68; App. B 13-14).

Unable to reach an agreement at the benefit review conference, the parties proceeded to a contested case hearing. (CR Supp. 33-36). The contested case hearing officer made the following findings:

3. On June 9, 2001, the Claimant was *furthering the business and affairs of the Employer* by making reports and service plans that she needed to present in court on June 11, 2001 as *part of her normal work duties*.

4. In the *course of her work*, the Claimant got up from her table to go to a drawer to get a different pen. While walking in her kitchen ... [T]he Claimant *fell to the floor and sustained injuries*

---

1. Martinez's administrative claim was determined by the Texas Workers' Compensation Commission. Effective Sept. 1, 2005, the Legislature abolished the Commission and created the Texas Department of Insurance-Division of Workers' Compensation to oversee workers' compensation claims. For consistency, this brief refers to the agency as the Commission.

3

to her head/face, left shoulder, left ankle, knees, and left hip and thigh.

5. The Claimant's injury on June 9, 2001 did not involve any instrumentality of the Employer.

6. On June 9, 2001, the Claimant sustained an injury that did not arise out of nor was in the course and scope of employment.

7. *Because* of her injuries on June 9, 2001, the Claimant was *unable to obtain and retain employment at wages equivalent to her pre-injury wage* from June 10 through 17, 2001, and from June 19, 2001 to the present. (emphasis added). (CR Supp. 28-29; App. D 22-27).

Thus, the hearing officer found that Martinez fell and sustained the injury while performing normal duties of her work and in furtherance of the employer's business or affairs, and that resulted in disability. However, because of his finding that the injury did not involve an "instrumentality" of employment, he erroneously concluded that the injury was not compensable, and thus, there was no compensable disability.

Martinez, who was not represented by an attorney, appealed the contested case decision to the appeals panel, complaining that the hearing officer's determinations of compensability and disability were erroneous. (CR Supp. 19-21). SORM, however, did not file a request for review or otherwise appeal any of the above findings to the appeals panel. In fact, in its response to Martinez's request for review, SORM expressly *agrees* with all of the hearing officer's findings, including findings

4

3, 4, and 7, and requests they be affirmed. (CR 399-404; App. F 61-65).

Therefore, since it was "undisputed that [Martinez] fell and sustained her injury while working at home," the appeals panel concluded there was a causal connection between the injury and activities of employment regardless of whether an instrumentality inherent to the employment was involved. (CR Supp. 19-21; App. C 16-18). Accordingly, the appeals panel reversed the contested case decision and rendered a new decision that Martinez sustained a compensable injury with resulting disability from June 10, 2001 through the date of hearing, and ordered the payment of benefits. (CR Supp. 19-21).

Martinez's injuries include a nondisplaced fracture, impingement, and rotator cuff tear of the shoulder which required surgery in March 2002. She was certified as reaching maximum medical improvement on November 4, 2002, with a final impairment rating of twenty-nine percent. (CR Supp. 220-23). SORM paid all benefits due for the compensable injury and filed this suit for judicial review.

On January 29, 2013, Martinez filed defendant's second motion for final summary judgment on arguing that SORM could not prevail on its cause of action for judicial review of the commission's decision as a matter of law, because it did not appeal the contested case findings establishing a compensable injury to the appeals panel, and therefore could not challenge the issue of compensability on judicial

review on any ground. [2] TEX. R. CIV. P 166a(b); (CR 383-408; App. F 45-70). That same day, SORM filed plaintiff's motion for final summary judgment, asserting that Martinez's injury is not compensable because she was injured while working at home without prior permission in alleged violation of TEX. GOV'T CODE §658.010 and §659.018. (CR 216-382; App. B 13-14) ). SORM made this same assertion in its response to Martinez's motion. (CR 410-504). Martinez filed a response to SORM's motion, which included a motion to reconsider her prior no-evidence motion for final summary judgment. [3] (CR 151-165; 505-519).

On March 27, 2013, a hearing on the parties' motions was held before Hon. Antonia Arteaga, Judge, 57th District Court, who denied Martinez's motions and granted SORM's motion. (CR 520). The court denied Martinez's motion to reconsider on June 12, 2013, and signed an order granting SORM's motion and

2. Martinez had previously filed defendant's motion for final summary judgment on July 29, 2005, and defendant's no-evidence motion for summary judgment on August 3, 2006. (CR 151-165). These motions rested on different grounds than Martinez's second motion for summary judgment at issue in this appeal. SORM also filed a motion for summary judgment, and a partial plea to the jurisdiction. Each party's motions were denied by Hon. John D. Gabriel, Jr., Judge 131st District Court, on January 31, 2007. (CR 189 180-189).

3. On February 20, 2007, the parties appeared for a jury trial in this case. Prior to trial, Martinez filed a motion for pre-trial directed verdict, which incorporated and essentially restated her prior no-evidence motion for summary judgment. (CR 332-346). Hon. David S. Berchelmann, Jr., Judge, 57th District Court, granted the motion, and signed a final judgment in favor of Martinez on November 14, 2007. (CR 347-348). SORM appealed, and this Court reversed and remanded. *State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9 (Tex. App. – San Antonio 2012, pet. denied). This prior decision has no bearing on the issues raised in this appeal.

denying Martinez's motion, but reserved signing of a final judgment until a proposed judgment was first signed by counsel and served on the Division of Workers' Compensation thirty days before entry. (CR 522-533; 555). On May 6, 2014, the trial court signed a final judgment in favor of SORM. (CR 587-88; App. A 1). On June 5, 2014, Martinez filed a motion for new trial, which was overruled by operation of law. (CR 589-599).

## SUMMARY OF THE ARGUMENT

Martinez moved for summary judgment on the ground that SORM is barred from raising the issue compensability on judicial review, and therefore cannot prevail on its cause of action as matter of law. SORM replied and sought summary judgment on the sole ground that, even assuming Martinez was injured in the course and scope of employment, her injury is not compensable because sustained while she was working at home without prior permission in alleged violation of TEX GOV'T CODE §658.010 and §659.018. SORM argues, without any supporting authority, that noncompliance with these provisions is a violation of state law that somehow defeats the "arises out of," or causal connection, element of compensability, and allows it to raise the issue on judicial review.

The court erred in denying Martinez's motions and granting SORM's motion on this patently erroneous ground, or on any other ground. The unappealed contested case findings clearly establish the "arising out of" and "course and scope" elements of a compensable injury. SORM does not, and cannot, explain how the alleged "violation of law" breaks the causal connection between the employment and the injury. Therefore, SORM cannot challenge compensability on judicial review on the statutory violation or on any other ground.

8

Assuming SORM could raise the issue of compensability on judicial review, it is likewise barred from raising the alleged statutory violation as a ground for denial, because the issue was not raised at any stage of administrative proceedings. A party may not raise an issue on judicial review that was not first raised in the administrative proceedings and decided by the appeals panel, and thus, the trial court erred in granting SORM's motion on this ground.

Even assuming, however, the statutory violation issue is properly before the court, it is no evidence that Martinez did not sustain a compensable injury, because it is undisputed that her injury otherwise arose out of and in the course and scope of employment. Moreover, by their plain language the statutes do not apply in this case, nor do they supercede the workers' compensation laws governing compensability, and the trial court erred by denying Martinez's no-evidence motion for summary judgment and in granting SORM's motion, and its judgment should be reversed.

# ARGUMENT

The standard of review for the trial court's ruling on a motion for summary judgment is *de novo*. *Mid-Century Ins. Co. of Texas v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2008); *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614, 620 (Tex. App. – San Antonio 2004, no pet.). (App. B 9) 155 S.W.3d at 620. The movant for summary judgment has the burden to show that there no issues of material fact and it is entitled to judgment as a matter of law. *Randall's Food Mrkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). The reviewing court examines the evidence and pleadings in a light most favorable to, and resolves all doubts in favor of, the non-movant. *Lear Seigler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Texas Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 733 (Tex. App. – San Antonio 1998, n. w. h.). A defendant who negates at least one element of the plaintiff's cause of action is entitled to summary judgment on the cause of action. *Randall's Food Mrkts.*, 821 S.W.2d at 646.

When, as here, both parties move for summary judgment, the court of appeals reviews all of the questions and all of the evidence presented, by both sides, and renders the judgment that the trial court should have rendered. *Mid-Century Ins. Co.*, 243 S.W.3d at 621; *Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004).

10

1. SORM cannot challenge the issue of compensability on judicial review on any ground, because the contested case hearing findings establish the elements of a compensable injury and were not appealed to or decided by the appeals panel.

Martinez argued in her second motion for summary judgment that, because SORM failed to appeal the adverse contested case findings establishing the elements of a compensable injury, it was barred from challenging the issue of compensability on judicial review on any ground, and therefore, SORM could not prevail in this suit as a matter of law. TEX. LAB. CODE §410.302(b); *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614 at 620. (App. B 9, E 29-38). In SORM's response, and as the sole ground of its motion for summary judgment, SORM asserts that even assuming Martinez was injured in the course and scope, her injury is not compensable because she was injured while working at home without prior permission in violation of state law. SORM contends this alleged violation somehow defeats the "arising out of" element of compensability.

However, the hearing officer's findings clearly establish an injury "arising out of" and in the course and scope of employment, and SORM's failure to appeal these findings bars it from challenging compensability on judicial review on the statutory violation or any other ground. Therefore, the trial court erred in granting Plaintiff's motion for summary judgment, and in denying defendant's second motion for final summary judgment, or in the alternative, denying defendant's no-evidence motion for

summary judgment. The trial court's ruling is contrary to the applicable labor code provisions and this Courts decisions in *Krueger* and *Hefley v. Sentry Ins. Co.,* 31 S.W.3d 63, 65 (Tex. App. – San Antonio 2003, pet. denied) and should be reversed.

A.     The hearing officer's unappealed findings clearly establish the elements of a compensable injury.

As the party seeking judicial review of the commission's decision, SORM had the burden to prove by a preponderance of the evidence that the commission decision was wrong. TEX. LAB. CODE §410.303 (App. B 10); *ESIS Inc. v. Johnson,* 908 S.W.2d 554, 557 (Tex. App.– Ft. Worth 1995, writ denied). The commission decided that Martinez sustained a compensable injury that resulted disability. (App. C 32-34). Thus, to prevail in its suit for judicial review, SORM had the burden to prove that Martinez did *not* sustain a compensable injury that did *not* result in disability. *Id.*; *City of Pasadena v. Olvera*, 95 S.W.3d 494, 498 (Tex. App.– Houston [1st] 2002, no pet) (to defeat compensability, a carrier conceding a fall occurred in the course and scope must prove the fall was not a cause of the injury.). Moreover, Martinez is not required to produce any evidence on the issue. *Vanliner Ins. Co. v. Ward,* 923 S.W.2d 29, 33 (Tex. App. – Texarkana 1996, no pet.).

A compensable injury is one that (1) arises out of and (2) occurs in the course and scope of employment. TEX. LAB. CODE §§401.011(10) and 406.031(a) (App. B.

12

5, 7); *Tex Workers' Comp. Ins. Fund v. Simon,* 980 S.W.2d at 734-35. (two prong test for compensability is whether injury "arises out of" and "in the course and scope"). The workers' compensation act defines "course and scope" as an activity of any kind or character originating in the work or business of the employer and performed or engaged in by the employee in furtherance of the employer's work or business, whether conducted on the employer's premises or other locations. §410.011(12). (App. B 10).

The "arises out of" prong is satisfied by proof of a causal connection between the activities of employment and the injury. *Simon*, 980 S.W.2d at 736; *Garcia v. Texas Indem. Ins. Co.*, 209 S.W.2d 333, 336 (Tex. 1948) (injury arises out of employment when there is a causal connection between the injury and employment "either through its activities, its conditions, or its environment"). As long as the employee is engaged in activities originating in and in furtherance of the employer's business that are a producing cause of injury, the injury arises out of and in the course and scope and compensable. *ESIS Inc.*, 908 S.W.2d 554 at 557 (Tex. App. – Ft. Worth 1995, writ denied) (off duty sheriff who shot himself while cleaning a service revolver at home sustained a compensable injury because there was a causal connection between the injury and a regular activity of his employment).

In this case, the contested case hearing officer's Findings 3 and 4 expressly find

that on June 9, 2001, Martinez "was furthering the business and affairs of the Employer"... by making reports and service plans ... "as part of her normal work duties," and "in the course of her work" fell to her kitchen floor and sustained the injuries in question. Finding 7 states that "[B]ecause of her injuries on June 9, 2001, [Martinez] was unable to obtain and retain employment ... at pre-injury wages ... from June 10, 2001 to the present." (CR Supp 28-29; App. D 26). Indeed, these findings virtually track the statutory definitions of compensable injury, course and scope, and disability, and clearly establish that Martinez's injury arose out of and in the course and scope of employment and is therefore compensable, despite the contested case hearing officer's erroneous decision to the contrary. §§401.011(10) (12) and (16); App. B 5-6).

B.     SORM is barred from raising the issue of compensability on judicial review, because it did not appeal the contested case hearing findings establishing a compensable injury.

Under the statutes governing judicial review of a workers' compensation case, a trial is "limited to the issues decided by the appeals panel and on which judicial review is sought." §410.302(b). (App. B 9). Interpreting these statutes in *Krueger v. Atascosa Cnty.*, this Court held that a party who fails to appeal adverse contested case findings on an issue to the appeals panels, even when it otherwise obtains a favorable contested case decision, is barred from later raising the issue on judicial review. 155

14

S.W.3d at 619-620. (employee who failed to appeal hearing officer's adverse finding on issue of carrier's waiver of right to contest compensability could not raise waiver issue on judicial review) (App. E 29-38); *TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex. App. – Waco 2003, pet. denied). This statute applies regardless of which party initiates the appeal. *Krueger*, 155 S.W.3d at 619.

Further, §410.251 provides that a party must first exhaust its administrative remedies on an issue before seeking judicial review. (App. B 8). A decision of the contested case hearing officer is binding in the absence of a timely appeal. §410.169. By not appealing the adverse contested case findings on an issue to the appeals panel, a party fails to exhaust its administrative remedies, and such failure deprives the trial court of jurisdiction over the issue. §410.251; *Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775, 778-79 (Tex. App. – Eastland 2007, pet. denied).

In this case, while Martinez timely filed a request for review to the appeals panel complaining of the hearing officer's erroneous determination on the issues of compensability and disability, SORM did not file an appeal or otherwise challenge any of these findings before the appeals panel. In fact, in its response to Martinez's request for review, SORM expressly agreed with these findings, including Findings 3, 4 and 7, and requested they be affirmed. (CR 399-404; App. F 61-65 ). Clearly, the appeals panel based its decision on the unappealed and undisputed findings that

15

Martinez was injured while engaged in and performing the activities of employment established a causal connection between the injury and the employment "either through its activities, its conditions, or its environment." citing *Garcia v. Texas Indem. Ins. Co.*, 209 S.W.2d at 333.

By failing to appeal the contested case hearing officer's findings that Martinez's injury arose out of and in the course and scope of employment, however, SORM is barred from raising the issue of compensability on judicial review. §410.302(b); *Krueger*, 155 S.W.3d at 619. Therefore, SORM cannot meets its burden to show that Martinez did not sustain a compensable injury and, likewise, cannot prevail on its cause of action for reversal of the commission's decision as a matter of law.

C.    The contested case hearing findings clearly encompass the "arising out of" element of compensability.

In its response to Martinez's motion, and its motion for summary judgment, SORM argues that, even assuming Martinez was injured while working in the course and scope, the injury was not compensable because she was working overtime and at home without prior permission in violation of state law, specifically TEX. GOV'T CODE §658.010 and §659.018, which pertain to the calculation of wages and overtime for state agency employees. SORM contends that Martinez's alleged noncompliance

16

with these statutes somehow defeats the "arises out of," or "causal connection," element of compensability, and somehow allows it to challenge compensability on this ground on judicial review. This flawed contention, unsupported by any authority, should be rejected by this Court.

First, to prevail on her no motion for summary judgment, Martinez need only negate one element of SORM's cause of action. *Randall's Food Mkts., Inc.*, 891 S.W.2d at 646; *Walker v. Harris*, 924 S.W.2d 375, 378 (Tex. 1995). As discussed above, the two prong test for compensability is whether the injury "arises out of" and "in the course and scope." SORM's concession that Martinez's injury occurred in the course and scope, the unappealed contested case findings, and SORM's judicial admission of the same in response to Martinez's request for review, clearly negates this element of SORM's cause of action, that Martinez's injury did not occur in the course and scope, and thus precludes SORM from challenging compensability on judicial review on the basis of the alleged statutory violation or any other ground.

Furthermore, SORM does not and cannot cite any authority to support the contention that the alleged statutory violation somehow breaks the causal connection between the activities of employment and the injury, or explain how it otherwise defeats the "arising out of" element of a compensable injury. In contrast, as discussed above, the law is well settled that as long as an employee engaged in activities

17

originating in and in furtherance of the employer's business that are a producing cause of injury, the injury "arises out of" and "in the course and scope" of employment and is compensable. *ESIS Inc.*, 908 S.W.2d at 557.

As the appeals panel observed in this case, the unappealed and undisputed findings that Martinez fell and was injured while engaged in and performing the activities of employment established a causal connection between the injury and the employment "either through its activities, its conditions, or its environment." citing *Garcia v. Texas Indem. Ins. Co.*, 209 S.W.2d at 333. (App. C 16-18). In this regard, SORM has never denied that Martinez working when she fell, or that fall was a producing cause of her injuries, nor offered any evidence to the contrary.

Thus, the unappealed contested case findings 3, 4, and 7, that Martinez was engaged in and performing normal activities and duties in furtherance of her employment when she fell, and that the fall was a cause of her injuries, clearly establish a causal connection between her injury and the activities of employment, and undeniably encompass the "arising out of" element of compensability. On the other hand, SORM cannot offer any basis in fact, law, or logic to support its contention that the alleged statutory violation somehow precludes the effect of the unappealed findings to bar any challenge to compensability on judicial review.

SORM cannot challenge the compensability of Martinez's injury on judicial

review on the basis of the alleged statutory violation or any other ground, and thus, cannot prevail on its cause of action for reversal of the commission's decision as a matter of law. Accordingly, the trial court erred in denying Martinez's second motion for final summary judgment, and in granting SORM's motion for summary judgment, and this Court should reverse.

2.  SORM cannot raise the alleged violation of TEX. GOV'T CODE §658.010 and §659.018 as a basis for denial for the first time on judicial review, because it did not raise the issue at any stage of the administrative proceedings.

SORM also relies on Martinez's alleged violation of TEX. GOV'T CODE §658.010 and §659.018 as the sole ground for its motion for final summary judgment. For the same reasons as above, SORM cannot prevail on its motion as a matter of law, because it is barred from challenging compensability on this or any other ground. Even assuming, however, SORM could somehow challenge compensability on judicial review, it is similarly barred from raising the alleged statutory violation to support its denial, because it did not raise this issue at any stage of the administrative proceedings, nor on judicial review until its brief in the court of appeals in the prior appeal of this case. However, as this Court held in *Hefley v. Sentry Ins. Co.*, a party who fails to raise an issue during the administrative proceedings cannot raise the issue for the first time on judicial review. §410.302(b); S.W.3d 63, 65 (Tex. App. – San Antonio 2003, pet. denied) (employee who did not raise issue of carrier's waiver of

19

right to contest compensability in the administrative proceedings could not raise the waiver issue for the first time on judicial review). (App. E 39-43).

In this regard, from the time of its denial, throughout the administrative proceedings, and on judicial review, SORM did not dispute that Martinez was engaged in her normal caseworker duties when she fell, or that the fall caused an injury and resulting disability. Rather, its main reason for denying compensability was that Martinez allegedly violated a TDPRS "standard of conduct" that purportedly required prior permission to work overtime or at home. (CR 38-43, 45-48, 78-81). That the government code provisions upon which SORM now relies similarly require prior approval for the home to be considered a workplace does not relieve SORM of the consequence of its failure to allege their violation during the administrative proceedings in the first place.

Moreover, as discussed above, because the unappealed contested case findings clearly establish compensability and cannot be challenged on judicial review, SORM is barred from raising the "no prior permission" contention as a basis for denial in its motion for summary judgment or on judicial review, either as a violation of the employer's "standard of conduct," or as a violation of the statutes, and the trial court erred in granting SORM's motion on this ground.

3. SORM's alleged statutory violation – no prior permission to work at home – is no evidence that Martinez did not sustain a compensable injury, because it is undisputed that her injury otherwise arose out of and in the course and scope of employment.

Even assuming SORM's alleged statutory violation could somehow be properly before the trial court, the court erred in granting SORM's motion on this ground. Like the alleged violation of the employer's rule requiring prior permission to work overtime, the alleged statutory violation is no evidence as a matter of law that Martinez's injury is not compensable, because it is otherwise undisputed that her injury arose out of and in her performance of activities in the course and scope of employment. *Maryland Cas. Co. v. Brown*, 115 S.W.2d 394, 397 (Tex. 1938). Moreover, nothing in either the language or history of the statutes indicates that they apply in this case or supercede the governing workers' compensation law. These contentions were two of the grounds set forth in Martinez's prior no-evidence motion for summary judgment, which Martinez asked the trial court to consider in response to SORM's motion. (CR 151-165).

A. Alleged violation of an employer rule regulating the manner of the work does not preclude the compensability of an injury by an employee while otherwise engaged in activities in the course and scope of employment.

It is well settled workers' compensation law that violation of an employer rule regulating the manner of the work, as opposed to the scope, does not defeat the

21

compensability of an injury where, as in this case, it is undisputed that the injury otherwise arose out of and in the employee's performance of activities originating in the work and in furtherance of the employer's business, *i.e.*, in the course and scope of employment. *Maryland Cas. Co.*, 115 S.W.2d at 397; cited with approval in *Wingfoot Ent. v. Alvarado*, 111 S.W.3d 134, 139, fn. 26 (Tex. 2003); *Brown v. Forum Ins. Co.*, 507 S.W.2d 576, 577 (Tex. App. – Dallas 1974, no writ) (death of pilot operating private plane instead of company plane in violation of company rule was compensable where it was stipulated that the pilot was otherwise in the course and scope of employment).

In this regard, the employer "standard of conduct" Martinez allegedly violated on its face does not apply in this case. (CR Supp. 64-68). While it requires prior approval to work overtime, it says nothing about work at home. In fact, as was shown at the contested case hearing, and SORM admits, the date of injury was the first day of the pay period, and thus, she was not working overtime when she was injured. (CR Supp. 161-164). Further, the employer's rule clearly regulates the manner, rather than the scope, of the work. While it may require prior approval to work overtime, it does not forbid an employee from ever working overtime, or at home. Indeed, it clearly contemplates that employees sometimes do. (CR Supp. 64-68).

B.   Neither the language nor history of the statutes Martinez allegedly violated indicate that they apply in this case or supercede the governing workers' compensation law.

For these same reasons, SORM's allegation that Martinez was injured while working at home without prior permission in violation of TEX. GOV'T CODE §658.010 and §659.018 is no evidence as a matter of fact and law that she did not sustain a compensable injury. (App. B 13, 14). Indeed, nothing in either statute's language or history suggests that they apply to this case, or are intended to govern the compensability of a state agency employee's work related injury.

Both statutes provide that an employee's residence may not be considered a "place of employment" for the purpose of calculating hours and wages without prior written authorization. (App. B 13, 14). Section 659.018 additionally requires such approval for the purpose of calculating overtime. (App. B 14). However, the workers' compensation act provides that "course and scope" is not limited to the "regular hours" or the "place of employment," but can include "any other location." §401.011(12). (App. B 5). With regard to §659.018, it also clearly does not apply, because, as discussed above, it is undisputed that Martinez was not working overtime on the date of injury.

Nor does SORM's contention find support in the Legislative history attached to its motion. Nothing in either the bill analysis or digest suggests that these

23

provisions were intended to supercede the workers' compensation law with regard to either compensability or course and scope, or that their alleged violation relieves a state agency of liability for an otherwise compensable injury. On the contrary, a state agency's liability for work related injuries is governed exclusively by the Workers' Compensation Act – not the General Appropriations Act. TEX. LAB. CODE §408.001 and §501.002(a). Indeed, §501.002 provides that Chapter 408, governing the computation and eligibility for benefits, Chapter 409, governing workers' compensation procedures, and Chapter 410, governing the adjudication of disputes, all expressly apply to state agencies. §501.002(a)(6) and (7). Also, §501.002(a)(1) generally adopts the definitions of §401.011, including the definition of "course and scope," and §501.001(2) specifically provides that "compensable injury" has the meaning given by §401.011(10).

C.     The statutes Martinez allegedly violated regulate the manner, rather than scope, of the work.

SORM argues that even if Martinez was injured while in the course and scope, her injury "did not arise" from employment because she "broke state law" and was "beyond the scope" of employment by allegedly working at home without prior permission . SORM contends that the statutes upon which it relies regulate the scope of employment, and thus, like the car dealer's employee in *Maryland Cas. Co. v.*

*Brown,* Martinez sustained her injury while "beyond the scope" of employment. This contention is wholly without merit.

As is evident from their plain language, like the TDPRS "standard of conduct" Martinez allegedly violated, §658.010 and §659.018 clearly contemplate that state employees can and do work outside of regular business hours and at home. Neither statute prohibits a state employee from ever working overtime or at home, but merely requires advance written permission to be paid for doing so. In contrast, the employer rule at issue in *Maryland Cas. Co.* absolutely prohibited employees from taking the dealer's automobiles to Mexico under any circumstance. 115 S.W.2d at 396-97.

SORM's reliance on *Bugh v. Employers' Reinsurance Corp.*, 63 F.2d 36 (5th Cir. 1933) to argue that Martinez's injury is not compensable because she allegedly committed a "crime against the state" by working at home without prior permission is likewise unavailing. *Bugh* is a federal circuit case, not a state case, and was decided before *Maryland Cas. Co. v. Brown, Wingfoot Ent. v. Alvarado*, and *Brown v. Forum Ins. Co.* Obviously, *Bugh* did not construe current Texas law. In any case, the court in *Bugh* found it significant that by operating an airplane without a license, the pilot was in direct violation of a *penal* statute which was enacted to promote the safety of the general public. *Bugh*, 63 F.2d at 37. In contrast, §658.010 and §659.018 are civil statutes pertaining to the hours and pay for state agency employees. Neither

25

provision makes its violation a crime, or for that matter, prescribes any penalty for a violation, and certainly not the denial of workers' compensation benefits.

D.     Remand for a determination of attorney fees.

When an insurance carrier seeks judicial review of an appeals panel decision on the issues of compensability or eligibility for benefits, and the employee prevails, the carrier is liable for the reasonable and necessary attorney fees and expenses incurred by the employee's attorney as a result of the appeal. §408.221(c). (App. B 11). The fees must be approved by the court and based on the time and expenses as shown by the evidence and consideration of the factors listed in §408.221(d). Therefore, should the Court grant reverse the trial court's judgment and render a new judgment in favor of Martinez, she requests that the Court remand the issue of attorney fees to the trial court for determination.

For the above reasons, this Court should reverse the trial court's judgment and render judgment granting Martinez's second motion for summary judgment, or alternatively, her no-evidence motion for summary judgment, and remand the case for a determination of fees incurred by Martinez's attorney pursuant to §408.221.

**PRAYER**

Wherefore, Martinez respectfully requests that this Court reverse the trial court's judgment; grant Martinez's second motion for summary judgment; or alternatively, Martinez's no-evidence motion for summary judgment; render judgment that Martinez sustained a compensable injury; and remand the case for a determination of the attorney fees incurred by Martinez's attorney pursuant to §408.221; and for such and further relief to which Martinez may be justly entitled.

Respectfully submitted,

Kenneth W. Howell
Attorney at Law
629 S. Presa
San Antonio, Texas 78210
(210) 227-6305
(210) 227-6327 facsimile
kwhowell@earthlink.net

By: /s/Kenneth W. Howell
    Kenneth W. Howell
    State Bar No. 10102727

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Corel Word Perfect and contains 5975 words, as determined by the software's word-count function, excluding the sections listed in TEX. R. APP. P. 9.4(i)1.

By: /s/Kenneth W. Howell
Kenneth W. Howell
State Bar No. 10102727

## CERTIFICATE OF SERVICE

By my signature, I hereby certify that a true and correct copy of Appellant's Brief is being forwarded electronically and by e-mail on the 9th day of February, 2015 to:

Emily Jakobeit
Assistant Attorney General
Tort Litigation Division
P. O. Box 12548
Austin, Texas 78711
(512) 463-2197
(512) 463-2224 facsimile
emily.jakobeit@texasattorneygeneral.gov

ATTORNEY FOR APPELLEE

/s/Kenneth W. Howell
Kenneth W. Howell

**EDNA A. MARTINEZ**

*Appellant*

**V.**

**STATE OFFICE OF RISK MANAGEMENT**

*Appellee*

## APPENDIX

The Trial Court's Final Judgment                                    Exhibit A

Statutes                                                          Exhibit B

      TEX. LAB. CODE §401.011(10) and (12)
      TEX. LAB. CODE §406.031(a) (??)
      TEX. LAB. CODE §410.251
      TEX. LAB. CODE §410.302(b)
      TEX. LAB. CODE §410.303
      TEX. GOVT. CODE §658.010
      TEX. GOVT. CODE §659.018

Appeals Panel Decision                                            Exhibit C

Contested Case Hearing Decision                                   Exhibit D

Case Law                                                         Exhibit E

      *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614 (Tex. App. – San Antonio
      2004, no pet.)

*Hefley v. Sentry Ins. Co.,*131 S.W.3d 63,  (Tex. App. – San Antonio 2003, pet. denied)

Defendant's Second Motion for Final Summary Judgment          Exhibit F