ACCEPTED
04-14-00558-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/9/2015 3:16:15 PM
KEITH HOTTLE
CLERK

## CAUSE NO. 04-14-00558-CV

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/9/2015 3:16:15 PM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS
## FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

_____

## EDNA A. MARTINEZ
### *APPELLANT*

## V.

## STATE OFFICE OF RISK MANAGEMENT
### *APPELLEE*

_____

### On Appeal from the 37th Judicial District Court,
### Bexar County, Texas, Cause No. 2001-CI-17102

_____

## APPELLEE'S BRIEF

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

EMILY JAKOBEIT
Assistant Attorney General
Tort Litigation Division 030
State Bar No. 24063075
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-2036
Fax#: (512) 457-4482
emily.jakobeit@texasattorneygeneral.gov
COUNSEL FOR STATE OFFICE
OF RISK MANAGEMENT

## APPELLEE REQUESTS ORAL ARGUMENT

## IDENTITY OF PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

## APPELLANTS/PLAINTIFFS

1.      Edna A. Martinez

2.      Appellant and Trial Counsel
        Mr. Kenneth W. Howell
        Attorney at Law
        State Bar No. 10102727
        629 S. Presa
        San Antonio, Texas 78210
        (210) 227-6305
        (210) 227-6327
        kwhowell@earthlink.net

## APPELLEES/DEFENDANTS

1.      State Office of Risk Management

2.      Trial Counsel
        Ms. Sandra Salas Horne

3.      Appellate Counsel
        Ms. Emily Jakobeit
        Assistant Attorney General
        Tort Litigation Division
        P.O. Box 12548
        Austin, Texas 78711-2548
        (512) 463-2197
        Fax: (512) 457-4482

## DISTRICT JUDGE - 37TH – The Honorable Antonia Arteaga, 57th District Court Judge, 100 Dolorosa Street, San Antonio, Texas 78205 (210) 335-2515

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

INDEX OF AUTHORITIES.................................................................................iv

STATEMENT OF THE CASE...............................................................................ix

STATEMENT REGARDING REQUEST FOR ORAL ARGUMENT .................xi

ISSUE PRESENTED BY APPELLANT ............................................................. xii

STATEMENT OF FACTS ....................................................................................2

SUMMARY OF THE ARGUMENT .....................................................................4

ARGUMENT ........................................................................................................8

    I. STANDARD REVIEW...................................................................................8

    II. SORM PROPERLY CHALLENGED THE ISSUE OF
    COMPENSABILITY ON JUDICIAL REVIEW ............................................9

    III. MARTINEZ'S FAILURE TO COMPLY WITH TEXAS
    GOVERNMENT CODE § 658.010 AND § 659.018 PRECLUDES
    THE FINDING OF A COMPENSABLE INJURY ......................................24

    IV. MARTINEZ'S VIOLATIONS REGARDING THE SCOPE OF
    HER EMPLOYMENT PROVIDE SUFFICIENT EVIDENCE TO
    SUPPORT THE TRIAL COURTS RULING .................................................30

    V. SORM IS ENTITLED TO SOVEREIGN IMMUNITY FOR
    CLAIMS OF ATTORNEY FEES UNDER SECTION 408.221(c) ............33

CONCLUSION ....................................................................................................36

PRAYER .............................................................................................................37

CERTIFICATE OF COMPLIANCE....................................................................39

CERTIFICATE OF SERVICE .............................................................................39

APPENDIX...........................................................................................................40

# INDEX OF AUTHORITIES

**CASES**

*American Motorists Ins. Co. v. Steel*,
      229 S.W.2d 386 (Tex. Civ. App.—1950, writ ref'd n.r.e.) ..........................10

*Anderson v. Hood County*,
      958 S.W.2d 448 (Tex. App.—Fort Worth 1997, no pet.) .............................8

*Banfield v. City of San Antonio*, 801 S.W.2d 134
      (Tex. App.—San Antonio, no writ) ...........................................................15

*Brown v. Forum Ins. Co.*, 507 S.W.2d 576
      (Tex. Civ. App.—Dallas 1974, no writ) .................................................25, 31

*Bugh v. Employers' Reinsurance Corp.*, 63 F. 2d 36
      (5th Cir. 1933) (applying Texas law) .......................................................16, 33

*City of Garland v. Dallas Morning News*,
      22 S.W.3d 351 (Tex. 2000) ............................................................................8

*Employers' Cas. Co. v. Bratcher*,
      823 S.W. 2d 719 (Tex.App.—El Paso, 1992, writ denied) ..........................12

*Esis Inc. Servicing Contractor v. Johnson*,
      908 S.W. 2d 554 (Tex. App.—Ft. Worth 1995, writ denied) ................13, 14

*Evans v. Illinois Employers Ins. Of Wausau*,
      790 S.W.2d 302 (Tex. 1990) .......................................................................14

*Hefley v. Sentry Ins. Co*, 131 S.W.3d 63
      (Tex. App.—San Antonio 2003, pet. denied) ...............................................28

*Hosner v. De Young*,
      1 Tex. 764, 769 (1847) ...............................................................................33

*Krueger v. Atacosa Cnty.*, 155 S.W. 3d 614
    (Tex. App.—San Antonio 2004, no pet.) ....................................................22

*Leordeanu v. Am. Prot. Ins. Co.*,
    330 S.W.3d 239 (Tex. 2010) ...................................................................11

*Lumberman's Reciprocal Ass'n v. Behnken*,
    246 S.W. 72 (Tex. 1922) ....................................................................13, 16

*Manbeck v. Austin Ind. School Dist.*,
    381 S.W.3d 528 (Tex., 2012) ...................................................................35

*Maryland Cas. Co. v. Brown*,
    115 S.W.2d 394 (Texas 1938) .............................................................25, 31

*Mid-Century Ins. Co of Texas. v. Ademaj*,
    243 S.W.3d 618 (Tex. 2008) .....................................................................8

*Nixon v. Mr. Property Management Co.*,
    690 S.W.2d 546 (Tex. 1985) .....................................................................8

*Olson v. Hartford Accident and Indemnity Company*,
    477 S.W.2d 859 (Tex. 1972) ...................................................................17

*Quarles v. Lumbermen's Reciprocal Ass'n*,
    293 S.W. 333 (Tex. Civ. App.—Beaumont 1927, no writ) .........................33

*State Office of Risk Mgmt. v Laxson*,
    No. 04-04-00875-CV, 2005 WL 2654009 at *2
    (Tex. App.—San Antonio Oct. 19, 2005, no pet.) ....................................10

*State Office of Risk Mgmt. v. Martinez*,
    300 S.W.3d 9 (Tex. App.—San Antonio 2009, pet denied)..........................ix

*State Office of Risk Mgmt. v. Ribble*, No. 03-12-00084-CV,
    2014 WL 4058936 (Tex. App.—Austin, August 13, 2014, no pet h.) .........36

*Texas Mut. Ins. Co. v. Jerrols*, 385 S.W. 3d 619
(Tex. App.—Houston [14th District] 2012, pet. dism'd) ........................11, 14

*Texas Workers' Comp. Ins. Fund .v Simon*,
980 S.W. 2d 730 (Tex App.—San Antonio 1998, no pet.) ..........8, 10, 11, 12

*Texas Workers' Compensation Insurance Fund v. Texas Workers'*
*Compensation Com'n*, 124 S.W. 3d 813
(Tex. App.—Austin, 2003, pet. denied) ...............................................6, 20, 28

*Transcontinental Ins. Co. v. Crump*,
330 S.W.3d 211 (Tex. 2010) ..............................................................11, 27

*Univ. of Texas System v. Ochoa*,
413 S.W.3d 769 (Tex. App.—Austin, 2013, pet. denied.) .....................35, 36

*Walters v. American States Ins. Co.*,
654 S.W. 2d 423 (Tex. 1983) .......................................................................12

*Zurich Am. Ins. Co. v. Gill*,
173 S.W.3d 878 (Tex. App.—San Antonio 1998, pet. denied.) ..................10

*Zurich American Ins. Co. v. McVey*,
339 S.W.3d 724 (Tex. App.—Austin, 2011, pet. denied).......................13, 14

**RULES**

Texas Rules of Appellate Procedure, Rule 39 .........................................................xi

**STATUTES & OTHER**

Tex. Civ. Prac. & Rem. Code § 101.001 ...............................................................35

Tex. Gov't Code § 311.034.......................................................................33, 34

Tex. Gov't Code § 658.010........................... xi, 6, 17, 24, 25, 26, 27, 28, 29, 32, 37

Tex. Gov't Code § 658.010(a)(2) ........................................................17, 32

Tex. Gov't Code § 658.010(b) ...........................................................17, 32

Tex. Gov't Code § 659.018........................... xi, 6, 17, 24, 25, 26, 27, 28, 29, 32, 37

Tex. Lab. Code § 401.011(10) ................................................................4, 9

Tex. Lab. Code § 401.011(12) ...............................................................4, 32

Tex. Lab. Code § 401.011(16) ...................................................................19

Tex. Lab. Code § 408.221........................................................................34, 36

Tex. Lab. Code § 408.221(c) ...........................................................7, 33, 34, 35

Tex. Lab. Code § 409.021.......................................................................22, 29

Tex. Lab. Code § 409.022...........................................................................29

Tex. Lab. Code § 410.011(12) ....................................................................10

Tex. Lab. Code § 410.202...........................................................................21

Tex. Lab. Code § 410.202(b) ................................................................6, 21, 22

Tex. Lab. Code § 410.251........................................................................5, 21, 22

Tex. Lab. Code § 410.302(b) ..................................................................20, 28

Tex. Lab. Code. § 412.001.........................................................................34

Tex. Lab. Code § 412.001(4) .....................................................................35

Tex. Lab. Code Chapter 501 ................................................................7, 35, 36

Tex. Lab. Code § 501.001..........................................................................35

Tex. Lab. Code § 501.002 ........................................................................7, 35

Tex. Lab. Code § 501.002(d) ...........................................................................35

# STATEMENT OF THE CASE

*Nature of the case*:

The Texas Department of Insurance, Division of Workers' Compensation (DWC) held a Contested Case Hearing on September 20, 2001. (C.R. Supp. at 121-173) A Decision and Order was issued on September 24, 2001 that the Appellant, Edna A. Martinez, did not sustain a compensable injury on June 9, 2001, and that Martinez did not have disability as the result of a compensable injury. (C.R. at 38-43) Martinez filed a Request for Review, Appellee State Office of Risk Management (SORM) filed a Response to her Request for Review, and the Appeals Panel reversed the Decision and Order. (C.R. at 399-404, C.R. at 32-34) SORM then brought suit for judicial review seeking to reverse the administrative decision of DWC. (C.R. at 1-10)

On February 20, 2007, the case was called for trial. On the day of trial, Martinez filed a Motion for Pre-Trial Directed Verdict, which was granted and later signed on November 14, 2007. (C.R. at 347-349) SORM appealed, and the Court reversed and remanded the case. *State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9 (Tex. App.—San Antonio 2009, pet denied).

On March 27, 2013, Plaintiff's Motion for Summary Judgment was granted and Defendant's Second Motion for Summary Judgment was denied. (C.R. at 520, 555-556) On May 6, 2014, Judge Arteaga signed a final judgment in favor of SORM. (C.R. at 587-588) Appellant filed a Motion for New Trial, which was overruled by operation of law on July 21, 2014. (C.R. at 589-599) Appellant filed a Notice of Appeal to the Fourth Court of Appeals on August 4, 2014. (C.R. at 600-601)

*Trial Court*:

The Honorable Antonia Arteaga, 57th District Court Judge, 100 Dolorosa Street, San Antonio, Texas 78205.

*Trial Court Disposition*:

Plaintiff's Motion for Summary Judgment was granted.

*Parties in the Court of Appeals*:

*Defendant/Appellant*:

Edna A. Martinez

*Plaintiff/Appellee*:

State Office of Risk Management

**STATEMENT REGARDING REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 39, Texas Rules of Appellate Procedure, Appellee hereby requests oral argument in this Appeal. Oral argument would assist the Court in determining the legal issues surrounding SORM's challenge of compensability on judicial review, specifically whether Martinez's violation of Texas Government Code § 658.010 and § 659.018 removed her from the course and scope of employment and whether Martinez's injury arose out of her employment.

## ISSUE PRESENTED BY APPELLANT

1. Whether SORM can challenge the issue of compensability on judicial review on any ground, when the contested case hearing findings established the elements of a compensable injury and were not appealed to or decided by the appeals panel?

2. Whether SORM can raise Martinez's alleged statutory violation as a basis for denial for the first time on judicial review, when it did not raise the issue at any stage of the administrative proceedings?

3. Whether SORM's alleged statutory violation – no prior permission to work at home – is no evidence that Martinez did not sustain a compensable injury, when it undisputed that her injury otherwise arose out of an in the course and scope of employment?

CAUSE NO. 04-14-00558-CV

_____

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

_____

EDNA A. MARTINEZ
*APPELLANT*
V.

STATE OFFICE OF RISK MANAGEMENT
*APPELLEE*

_____

On Appeal from the 37TH Judicial District Court,
Bexar County, Texas, Cause No. 2001-CI-17102

_____

APPELLEE'S BRIEF

_____

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellee, State Office of Risk Management, and files this it's Appellee's Brief and requests that the Order of the Trial Court granting its motion for summary judgment be affirmed. Throughout this brief, the Clerk's record shall be referred to by the initials C.R. The Supplemental Clerk's record shall be referred to as C.R. Supp.

## STATEMENT OF FACTS

Edna Martinez was employed as a Child Protective Services Specialist II with the Texas Department of Public and Regulatory Services (TDPRS). (C.R. at 54) On June 11, 2001, Martinez made a claim for workers' compensation benefits when she reported to her employer that she fell in her own kitchen and dining area on June 9, 2001, a Saturday. (C.R. at 51) After Martinez made the claim, the employer filled out an initial accident report stating, in part, "unknown if accident happened in work area." (C.R. at 51) Martinez reported to the employer that upon falling in her kitchen she injured her back, arm, neck, shoulder, face and head. (C.R. at 54-55) Martinez believed her injuries occurred as a result of slipping on moisture on her kitchen floor. (C.R. Supp. at 130, 143, 155) Martinez's fall occurred away from her office, on premises not controlled by her employer. (C.R. at 141-143).

Martinez did not obtain approval to work overtime prior to June 9, 2001, despite the fact that she was aware she was required to obtain her Supervisor's approval to work overtime. (C.R. Supp. at 141-142) Martinez's regular work hours were 8:00am to 5:00pm Monday through Friday and she did not work on Saturdays or Sundays. (C.R. Supp. at 141) Employees are not allowed to take overtime or work away from the office unless a supervisor approves it in advance.

2

(C.R. Supp. at 65, 68, 73)

While the Statement of Facts within Martinez's Appeal states the main reason for the denial of her workers' compensation claim was that she failed to obtain prior permission to work overtime or at home, SORM ultimately denied the claim for workers' compensation in its entirety on the basis that Martinez 1.) was not within the course and scope of her employment, 2.) was not furthering the affairs of her employer, and 3.) could not establish a causal connection between the alleged injury and her employment. (C.R. at 57)

A Contested Case Hearing (CCH) before the Texas Workers Compensation Commission was held on September 21, 2001. (C.R. Supp. at 122-173) The issues before the Hearing Officer were: 1.) Did the Claimant sustain a compensable injury on June 9, 2001? and 2.) Did the Claimant have disability? (C.R. Supp. at 36, 125) A Decision and Order ruled on the issues presented, finding Martinez did not sustain a compensable injury on June 9, 2001, and that, because she did not sustain a compensable injury, Martinez did not have disability. (C.R. Supp. at 29) Martinez timely filed a Request for Review to the appeals panel, and SORM timely filed a Response to her Request for Review. (C.R. at 399-404) The Appeals Panel then reversed the decision. (C.R. Supp. at 19-21) Following the reversal, SORM timely filed an Original Petition in District Court seeking Judicial Review. (C.R. at

3

1-10).

## SUMMARY OF ARGUMENT

The contested case findings do not establish a compensable injury resulted following Martinez's fall in her own home on June 9, 2001, as alleged by Martinez. (Appellant's Brief, p. 11). In order to establish a compensable injury, one must show that the injury both "arose out of" and was "within the course and scope" of employment. Tex. Lab. Code Ann. § 401.011(10). In order to show an injury is "within the course and scope" of employment, an employee must show he or she was engaged in an activity that "originated in" the employment and "furthered the affairs" of the employment. Tex. Lab. Code Ann. § 401.011(12).

Martinez's injury did not arise out of the employment because the employment did not create the activity that placed Martinez in harms way, i.e., the activity of walking across her own kitchen floor and subsequently slipping was not created by her employment. Martinez cannot show she was in the course and scope of employment because she was not engaged in an activity that made employment possible, was required by the employer, or was related to the employment in any way.

While the findings of fact within the contested case findings state that Martinez was furthering the affairs of the employer by making service reports, the

4

findings of fact do not establish she was furthering the affairs of her employer by walking across her own kitchen floor. (C.R. Supp. at 28) The contested case findings also state that Martinez fell due to unknown reasons and her injury did not involve any instrumentality of the employer. (C.R. Supp. at 29) Therefore the contested case findings establish Martinez's injury was due to reasons not connected to her employment and establish Martinez did not sustain a compensable injury. (C.R. Supp. at 29) A finding against SORM would indicate that anything Martinez did in or around her own home on the weekend of June 9, 2001 could potentially cause a work related injury, simply because she claimed she was working at her home.

Martinez also argues that SORM is barred from raising the issue of compensability on judicial review, and therefore cannot prevail on its cause of action as a matter of law. (Appellant's Brief, p. 14). However, SORM can raise the issue of compensability on judicial review because when SORM was aggrieved by the appeals panel decision it properly appealed the case to District Court. Tex. Lab. Code Ann. § 410.251. SORM did not file a Request for Review regarding the Hearing Officer's Decision and Order because the Hearing Officer initially decided the issues presented at the CCH in SORM's favor. (C.R. Supp. at 29) SORM was therefore not required to file a Request for Review, and SORM properly preserved

5

its right to appeal when it filed its Response to the Claimant's Request for Review. Tex. Lab. Code Ann. § 410.202(b); (C.R. at 399-404) Thus, SORM has consistently disputed that Martinez's injuries arose out of and in the course and scope of employment.

In addition, SORM is not precluded from arguing that Martinez violated Texas Government Codes § 658.010 and § 659.018 after the contested case hearing as alleged by Martinez, because this is an argument in support of the fact that Martinez violated a rule of the employer and therefore she could not have sustained a compensable injury. Texas Government Code § 658.010 and § 659.018 regulate State employee work hours, including the location of where work may be performed. Tex. Gov't Code Ann. § 658.010; Tex. Gov't Code Ann. § 659.018. The contention that Martinez violated these statutes is not a separate issue as defined in the Texas Workers' Compensation Act. *Texas Workers' Compensation Insurance Fund v. Texas Workers' Compensation Com'n*, 124 S.W. 3d 813, 821 (Tex. App.—Austin, 2003, pet. denied) SORM has consistently argued that Martinez violated a rule of the employer by working at home on the weekend without prior permission since the CCH. (C.R. Supp. at 169) Further, because Martinez specifically violated the employer's rules in addition to Gov't Codes §658.010 and § 659.018, it is impossible *for* her injury to have arisen from the

6

employment since the employer did not create the activity by which Martinez was injured. In fact, by both employer rule and statute, employment activities are prohibited to be conducted outside of work hours off of the employer's premises without permission. Therefore, because Martinez operated outside the scope of her work when she worked at home without prior authorization, by both rule and law, there is prima facie evidence that her injuries cannot be compensable. Thus, the trial court's granting of SORM's Motion for Summary Judgment was correct and the judgment should be affirmed.

Finally, SORM is not liable for attorney fees, as SORM is a state agency and the Legislature has not waived immunity from liability for attorney fees under either Texas Labor Code Section 408.221(c) or Texas Labor Code Chapter 501. Tex. Lab. Code Ann. 408.221(c); Tex. Lab. Code § 501.002. As there is no clear and unambiguous waiver of sovereign immunity for claims of attorney fees within either of these statutes, Martinez's counsel is not entitled to attorney fees.

# ARGUMENT

## I.     Standard of Review

The standard of review for the trial court's ruling on a motion for summary judgment is *de novo.* *Mid-Century Ins. Co of Texas. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2008) When both parties move for summary judgment, the court of appeals reviews all of the questions and all of the evidence presented, by both sides, and renders the judgment that the trial court should have rendered. *Id*. at 621.

Appeals from district court summary judgment orders in workers' compensation cases are reviewed under traditional summary judgment standards. *Anderson v. Hood County*, 958 S.W.2d 448, 449 n. 1 (Tex. App.—Fort Worth 1997, no pet.) When a party moves for summary judgment, the party must show that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Texas Workers' Comp. Ins. Fund .v Simon*, 980 S.W. 2d 730, 733 (Tex App.—San Antonio 1998, no pet.); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985) When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

8

**II. SORM properly challenged the issue of compensability on judicial review**

Martinez argues that the hearing officer's findings of fact clearly establish a compensable injury, specifically arguing that the hearing officer's findings encompass the "arising out of" element of compensable injury. She also argues that because SORM failed to appeal the adverse contested case findings of fact establishing the elements of a compensable injury, it is barred from challenging the issue on judicial review. SORM will address each of these contentions below in the order presented by Martinez.

**A. The Hearing Officer's findings of fact do not establish the elements of a compensable injury.**

**1. "Compensable Injury" under the Texas Workers' Compensation Act**

For a compensable injury to exist, the Texas Workers' Compensation Act outlines several elements that must be met. It defines "compensable injury" as, "an injury that *arises out of* and *in the course and scope* of employment for which compensation is payable under this subtitle." Tex. Lab. Code Ann. § 401.011(10). It is a long standing proposition in Texas that both elements must be met in order for a compensable injury to be established, and Texas courts construe the Texas Workers' Compensation Act to require the two distinct elements exist at the time

of an injury in order for compensation to be allowed. *American Motorists Ins. Co. v. Steel*, 229 S.W.2d 386, 389 (Tex. Civ. App.—1950, writ ref'd n.r.e.) Both the "arise out" of and the "course and scope" components must be met. *State Office of Risk Mgmt. v Laxson*, No. 04-04-00875-CV, 2005 WL 2654009 at \*2 (Tex. App.—San Antonio Oct. 19, 2005, no pet.); *see also Texas Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 734 (Tex. App.—San Antonio 1998, no pet.) Both components must be present, and neither alone is sufficient. See *Zurich Am. Ins. Co. v. Gill*, 173 S.W.3d 878, 882 (Tex. App.—San Antonio 1998, pet. denied.) (To be 'compensable,' the injury must arise out of and in the scope and course of employment for which compensation is payable.")

Further, in order to show an injury within the "course and scope," an additional two prong test must be met. " 'Course and Scope of Employment' means an activity of any kind or character that has to do with and *originates in* the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the *furtherance of the affairs* or business of the employer." Tex. Lab. Code Ann. § 410.011(12) (emphasis added). Therefore, the two prong test of originating in and furthering the affairs must also be met in order to meet the course and scope component definition of a compensable injury. "Origination and furtherance are separate components. Both must be satisfied to

bring an activity within the 'course and scope of employment.'" *Texas Mut. Ins. Co. v. Jerrols*, 385 S.W. 3d 619, 623 (Tex. App.—Houston [14ᵗʰ District] 2012, pet. dism'd); (citing *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 243-44 & n. 18 (Tex. 2010)). An activity furthers the affairs of the employer if it makes employment possible and thus furthers the employer's business. *Leordeanu*, 330 S.W.3d at 242. In sum, the court must determine whether the relationship between the activity and the employment is so close that it can fairly be said that the injury had to do with and originated in the work, business, trade, or profession of the employer. *Leordeanu*, 330 S.W. 3d at 242.

### 2. "Arise out of" component of compensable injury under the Texas Workers' Compensation Act

In her appeal, Martinez argues that the "arises out of" component is met by simply proving a causal connection between the activities of employment and the injury. (Appellant's Brief, p. 13). While causation is a factor of the "arise out of" component, causation must be proven by showing the activity resulting in the injury was a "substantial factor in bringing about the injury or death, and without which the injury or death would not have occurred." *Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 223 (Tex. 2010) Further, in *Simon*, the Court clearly states that, "the question under [the arise out of component] of liability is whether

11

the injury would have occurred if the 'conditions and obligations of employment had not placed the claimant in harm's way." *Simon*, 980 S.W.2d at 735-736, (citing *Employers' Cas. Co. v. Bratcher*, 823 S.W. 2d 719, 721 (Tex.App.—El Paso, 1992, writ denied)); *see also Walters v. American States Ins. Co*., 654 S.W. 2d 423, 425 (Tex. 1983). Therefore, the activity in question must be a substantial factor in creating an injury, and the employment must also have created the activity that placed the employee in harms way.

In the case at hand, Martinez was working in her own home. (C.R. Supp. at 127) She slipped and fell her own wet kitchen floor. (C.R. Supp. at 143) Before the injury, Martinez alleged she was working on paperwork and reports. (C.R. Supp. at 130) She was not performing any activities for her employer that required water or any other liquid that could have contributed to the wet kitchen floor. The condition of the kitchen floor was not created by the employment, but was a condition created by Martinez's own personal surroundings. There were, therefore, no conditions or obligations of the employer that placed Martinez in harms way as she walked across her kitchen floor. Further, the activity of creating reports was not a substantial factor in bringing about the injury. Thus, it cannot be said that the injury arose out of the employment.

### 3. "Course and Scope" component of compensable injury under the Texas Workers' Compensation Act

Martinez argues that the course and scope component is met, "as long as the employee is engaged in activities *originating in* and in *furtherance* of the employer's business that are a *producing cause* of injury, the injury arises out of and in the course and scope and compensable." (Appellant's Brief, p. 13, citing *Esis Inc. Servicing Contractor v. Johnson*, 908 S.W. 2d 554 at 557 (Tex. App.—Ft. Worth 1995, writ denied). While this is a correct statement of the law, Martinez's subsequent argument ignores the requirement that the activity *producing* the injury must be one originating in and furthering the employer's business.

These elements are exemplified in the *Esis* case which states, "An injury originates from the employment when it results from a risk or hazard that is reasonably inherent or incident to the work or business." *Esis Inc. Servicing Contractor,* 908 S.W. 2d at 557; *see also Lumberman's Reciprocal Ass'n v. Behnken*, 246 S.W. 72, 73 (Tex. 1922) The underlying policy of the "originates in" prong of the "course and scope" component, is "allocating to the employer and insurance carrier the risks inherent in an employee's job while leaving to the employee risks that are 'shared by society as a whole and do not arise as a result of the employer.'" *Zurich American Ins. Co. v. McVey*, 339 S.W.3d 724, 730 (Tex.

13

App.—Austin, 2011, pet. denied)) (citing *Evans v. Illinois Employers Ins. Of Wausau*, 790 S.W.2d 302, 305 (Tex. 1990)). In this case, in order for the injury to have "originated in" the employment, the injury must have been somehow caused by the activity of working on service plans and reports.

While most case-law discusses the "furtherance of the affairs" prong in relation to an injury that occurs during travel, the "furtherance of the affairs" prong must be examined in any scenario. This requires the Court to examine the specific activity that took place during the injury. For example, while eating lunch during travel may be considered "furthering the affairs" of an employer, each distinct activity undertaken by an employee must be examined to determine if the activity ultimately benefited the employer. *Jerrols*, 385 S.W.3d 629-630.

In *Esis*, an off duty sheriff shot himself in the foot while cleaning his work revolver, and the injury was deemed to be compensable. *Esis Inc. Servicing Contractor,* 908 S.W. 2d at 556. The Sherriff's cleaning of the revolver was the activity that resulted in the injury, and that activity originated in and furthered the affairs of the employer because it was a regular activity required by the employer to conduct employment. The facts in *Esis* are quite different than the case at hand. In this case, the activity producing the injury was Martinez walking across her own kitchen floor, not working on service plans and reports. (C.R. Supp. at 143)

14

Walking across the kitchen was not a required activity of Martinez's employer. The inherent risk in walking across Martinez's own kitchen floor was not a risk that was inherent in the job of being a Child Protective Services Specialist and it therefore was not an injury that originated in the employment.

The case at hand is more akin to that of *Banfield v. City of San Antonio*, 801 S.W.2d 134 (Tex. App.—San Antonio, no writ). In *Banfield*, a San Antonio police officer was accidentally shot when her child picked up the officer's work revolver, which then discharged. The San Antonio Court of Appeals decided that this injury was not compensable since no official duty was being conducted at the time of the injury. *Id* at 136. Similarly, Martinez was not engaged in any official activity required by the employer at the time of her injury. The activity of walking across the floor did not constitute an activity that originated in or was in furtherance of the employer's business affairs, and was therefore not within the course and scope of her employment.

4. **The contested case hearing findings of fact do not support the "arising out of" component of compensable injury under the Texas Workers' Compensation Act**

An injury "arises out of" employment "when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business," and, "what the law intends is to protect the

15

employee against the risk or hazard taken in order to perform the master's task." *Bugh v. Employers' Reinsurance Corp.*, 63 F. 2d 36, 36 (5th Cir. 1933) (applying Texas law) (citing *Lumberman's Reciprocal Ass'n*, 246 S.W. 72 at 73).

Martinez argues that the contested case hearing findings establish the "arising out of" element of compensability. However, finding of fact 5 states, "The Claimant's injury on June 9, 2001 did not involve any instrumentality of the employer," and finding of fact 6 states, "On June 9, 2001, the Claimant sustained an injury that did not arise out of nor was in the course and scope of her employment with the employer." (C.R. at 42) The Hearing Officer correctly applied the definition of the "arises out of" prong in the discussion of the facts in the Decision and Order stating:

> However, the controlling line of legal precedents deal with the injury itself. The Claimant was not very positive about why she fell, other than to assume she stepped into water on the tiled kitchen floor. This left the impression that she may have had an idiopathic fall, or one caused by a substance on her kitchen floor. But slipping and falling to the floor is a risk that the Claimant shared with the general public. To have an injury arise out of employment, an employee has to be exposed to some hazard because of or inherent in the employment. Some instrumentality of the Employer is needed." (C.R. at 41)

The Hearing Officer went on to reason that an instrumentality causing an injury is often found to be an item at an employer's office such as an office desk or the office floor. However, the Hearing Officer also stated that in the case at hand

16

the instrumentalities were the Claimant's own cabinet and floor that caused her bodily injuries. (C.R. at 41) Therefore, the "arising out of" prong is defeated since the "risk or hazard" Martinez was exposed to was not a "risk or hazard" required to perform her employer's task.

The "arising out of" prong is also defeated because Martinez did not obtain written authorization prior to working at home on a Saturday morning. The Legislature did not intend that Workers' Compensation be a substitute for health insurance, and is designed to provide compensation for an incapacity flowing from an accidental injury. *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859, 860 (Tex. 1972) Therefore, the legislature has also enacted specific limitations on where and when work may be performed. Tex. Gov't Code Ann. § 658.010(a)(2); Tex. Gov't Code Ann. § 658.010(b).[1] It is impossible for an accidental injury to "arise from" the employment when work is prohibited by an employer, because there is no "risk or hazard" created by the employment as the employer did not create the conditions in which the employee worked.

---

[1] See discussion at Section III regarding Martinez' failure to comply with Texas Government Code §§ 658.010 and 659.018 and the resulting effects on compensability under the Texas Workers' Compensation Act.

17

**5. The contested case hearing findings of fact do not support the "course and scope" component of a compensable injury under the Texas Workers' Compensation Act.**

In addition to establishing the "arising out of prong," Martinez argues that the contested case hearing officer's findings of fact 3, 4, and 7 conclusively establish the statutory definition of compensable injury and "course and scope." (Appellant's Brief, p. 13-14). Finding of fact 3 states, "On June 9, 2001, the Claimant was furthering the business and affairs of the employer by making a (sic) reports and service plans that she needed to present in court on June 11, 2001, as a part of her normal work duties." (C.R. Supp. at 28). Findings of fact 4 states, "In the course of her work the Claimant got up from her table to go to a drawer to get a different pen. While walking in her kitchen, the Claimant either had an idiopathic fall of unknown cause or slipped on some substance on her floor. The Claimant fell to the floor and sustained injuries to her head/face, left shoulder, left ankle, knees, left hip and left thigh." (C.R. Supp. at 29) And, Finding of Fact 7 states, "Because of her injuries on June 9, 2001, the Claimant was unable to obtain and retain employment at wages equivalent to her pre-injury wage for the periods of June 10, through June 13, 2001 and from June 15, 2001, and again from June 19 through the present." (C.R. Supp. at 29)

These findings of fact do not establish Martinez was within the course and

18

scope of her employment, as argued by Martinez. (Appellant's Brief p. 13-14).

Finding of Fact 3 establishes that Martinez was furthering the affairs of her employer while making reports and service plans, not while walking across the kitchen floor. While finding of fact number 4 establishes Martinez sustained an injury, it does not establish that such injury was a compensable injury. It also establishes that she fell due to unknown reasons, and therefore not due to a reason connected to the employment. Finally, finding of fact number 7 pertains to one element of disability. The definition of disability is the "inability because of a *compensable injury* to obtain and retain employment at wages equivalent to the pre-injury wage." Tex. Lab. Code Ann. § 401.011(16)(*emphasis added*). Finding of fact number 7 merely finds that Martinez had an inability to obtain and retain employment. It does not find that such inability was because of a compensable injury. Finding of fact number 7 does absolutely nothing to establish the statutory components of the definition of "compensable injury."

Martinez also ignores findings of fact 5 and 6, which state "The Claimant's injury on June 9, 2001 did not involve any instrumentality of the employer, and "On June 9, 2001, the Claimant sustained an injury that did not arise out of nor was in the course and scope of her employment with the employer." (C.R. Supp. at 28-29) It is therefore incorrect to state that the Hearing Officer's findings conclusively

19

establish a compensable injury, and the Hearing Officer actually found that the injury did not arise out of or occur within the course and scope of employment.

**B. SORM is not barred from raising the issue of compensability on judicial review.**

The Texas Workers' Compensation Act establishes that a trial court is "limited to the issues decided by the appeals panel and on which judicial review is sought." Tex. Lab. Code Ann. § 410.302(b). "Issue" as used in the Texas Workers Compensation Act refers to the disputed determination made by the Hearing Officer in rendering his decision. *Texas Workers' Compensation Insurance Fund v. Texas Workers' Compensation Com'n*, 124 S.W. 3d 813, 821 (Tex.App.—Austin, 2003, pet. denied) In other words, an "issue" is the decision of the hearing officer from which the aggrieved party appeals. *Id.* at FN9.

In this case, the hearing officer was asked to decide two questions: "1.) Did the Claimant sustain a compensable injury on June 9, 2001? and 2.) Did the Claimant have disability; and if so, for what periods of time?" (C.R. Supp. at 25) The Hearing Officer made various "findings of fact" within the Decision that Martinez argues should have been appealed because they were adverse to SORM. However, as discussed above, finding of fact 3, 4, and 7 were not adverse to SORM's position. Further, the disputed determination on the questions presented,

that Martinez did not sustain a compensable injury on June 9, 2001 and that Martinez did not have disability, were favorable to SORM. (C.R. Supp. at 29) Because these decisions were favorable, SORM did not file a request for review to the appeals panel, and was not required to do so.

SORM preserved its right to seek judicial review because it properly exhausted its administrative remedies. The Texas Labor Code states:

(a) To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel no later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

(b) The respondent shall file a written response with the appeals panel not later than the 15th day after the date on which the copy of the request for appeal is served and shall on the same date serve a copy of the response on the appellant.

Tex. Lab. Code Ann. § 410.202. Thus, when SORM timely filed a Response to the Claimant's Request for Review, SORM complied with Texas Labor Code § 410.202(b), and properly exhausted its administrative remedies. (C.R. at 399-403) Further, the trial court properly assumed jurisdiction over the issues when SORM timely sought judicial review in compliance with Texas Labor Code § 410.251, which states, "A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable."

21

Tex. Lab. Code Ann. § 410.251. The issues presented to the appeals panel were limited to compensability and disability, and were the issues properly presented to the trial court upon SORM's filing of an Original Petition. (C.R. at 1-10)

Martinez argues that per the statute and *Krueger v. Atascosa Cnty.*, a party who fails to appeal adverse contested case findings on an issue to the appeals panel is barred from later raising an issue on judicial review. (Appellant's Brief, p. 11) (citing *Krueger v. Atacosa Cnty.*, 155 S.W. 3d 614, 620 (Tex. App.—San Antonio 2004, no pet.)) However, as outlined above, Martinez confuses "issues decided by the appeals panel," as defined by the Texas Labor Code with findings of fact rendered by a Hearing Officer in a Decision and Order. Martinez also incorrectly interprets *Krueger v. Atacosa Cnty.*, as in that case the Claimant failed to appeal an entire issue of whether the carrier waived its right to contest compensability to the appeals panel. *Krueger*, 155 S.W. 3d at 620. Whether a carrier waives its right to contest compensability is a specifically codified issue within the Texas Workers' Compensation Act. Tex. Lab. Code Ann. § 409.021. Because it is a specific "issue," Krueger was barred from raising it on judicial review. This is distinguishable from the case at hand, as SORM was not required to appeal each individual finding of fact. As the prevailing party, SORM was only required to file a response to the request for review. Tex. Lab. Code Ann. § 410.202(b).

22

Contrary to Appellant's assertions, SORM maintained its dispute of the compensability of Martinez's injury throughout the administrative process. SORM specifically disputed that Martinez's injuries encompassed both of the "arise out of" component and the "course and scope" components to establish a compensable injury. In SORM's Response to Claimant's Request for Review, it specifically stated:

> The testimony and facts of this case revealed that Claimant was not in the course and scope of employment when the injury occurred. According to Claimant, she was working at her home on a Saturday morning (Claimant testified that her regular working hours were 8-5 Monday through Friday) when she got up to retrieve an item and she slipped and fell on her own kitchen floor in an unknown substance. As there were no witnesses to the fall there was not sufficient evidence that Claimant was doing anything related to work. Claimant was not sure what made her fall.

(C.R. at 400) The Decision and Order also specifically finds Martinez sustained an injury that did not "arise out of" or was within the "course and scope" of employment. (C.R. at 42) SORM did not dispute the finding that Martinez may have been furthering the business and affairs of the employer by making reports and service plans, but SORM also did not concede that Martinez was furthering the business affairs of the employer by slipping on moisture on her kitchen floor. (C.R. at 399-404). Therefore, it is incorrect for Martinez to state that it was undisputed that her injuries arose out of and in the performance of activities within

23

the course and scope of employment.

SORM maintained its dispute of compensability and disability from the start of the administrative proceedings and timely exhausted its administrative remedies. Therefore, it preserved its right to seek judicial review on the issues of compensability and disability.

## III. Martinez' failure to comply with Texas Government Code § 658.010 and § 659.018 precludes the finding of a compensable injury.

### A. Texas Government Code Sections § 658.010 and § 659.018 limit the scope of State employees' employment.

Texas Government Code § 658.010 limits the scope of State employees work by limiting State employees work hours and work locations. The entirety of the statute reads:

§ 658.010 Place Where Work Performed

(a)   An employee of a state agency shall, during normal office hours, conduct agency business only at the employee's regular or assigned temporary place    of employment unless the employee:

(1)   is traveling; or

(2)   received prior written authorization from the administrative head of the employing state agency to perform work elsewhere.

(a)   The employee's personal residence may not be considered the employee's regular or assigned temporary place of employment without prior written authorization from the administrative head of the employing state agency.

24

Tex. Gov't Code Ann. § 658.010. Likewise, Texas Labor Code § 659.018 also limits the scope of State employees work by specifically addressing the accumulation of compensatory time off. Section 659.018 states, in regards to compensatory time, "the employee's personal residence may not be considered the employee's regular or temporarily assigned place of employment." Tex. Gov't Code Ann. § 659.018.

Texas Government Code § 658.010 and § 659.018, which are limitations on the scope of employment, restrict the locations where workers' compensation claims can arise, and are statutory prerequisites to a finding of compensability. Tex. Gov't Code Ann. § 658.010; Tex. Gov't Code Ann. § 659.018. The Court has discussed the applicable law regarding rules of employment in *Maryland Cas. Co. v. Brown*:

> While it seems to be the rule that a violation of instructions of an employer by an employee will not destroy the right to compensation, if the instructions relate merely to the manner of doing work, yet it seems to be held by the weight of authority that *violation of instructions which are intended to limit the scope of employment will prevent recovery of compensation.*

*Maryland Cas. Co. v. Brown*, 115 S.W.2d 394, 397 (Texas 1938) (quoted in *Brown v. Forum Ins. Co.*, 507 S.W.2d 576, 577 (Tex. Civ. App.—Dallas 1974, no writ) (emphasis added). In *Maryland Cas. Co.*, the claimant was injured when he took a company car into Mexico in order to conduct business on behalf of his

employer. The employer, however, had enacted rules which limited the location at which work may be performed and which were 'intended to prohibit any salesman taking cars belonging to it across the river into Mexico." *Id* at 397. The Court found that "even though plaintiff at the time of his injury may have been engaged in work relating to his employment, nevertheless he would have been acting beyond the scope of his employment, as... he was not employed to do work in the Republic of Mexico." *Id.* at 396-397. Similarly, in the case at hand, employees were instructed to obtain approval to work overtime hours and to obtain approval to work at a location outside of their offices. (C.R. at 85, 86) Martinez's employer had previously enacted rules intended to prohibit employees from working at locations without the employer's knowledge. Further, Texas Government Code § 658.010 and § 659.018 restrict the scope of employment by placing limitations on the location where State employees may perform work. Tex. Gov't Code Ann. § 658.010; Tex. Gov't Code Ann. § 659.018. Therefore, Martinez's violation of employer policy and Texas State Statute would prevent recovery of workers' compensation benefits. Since Martinez's injuries fell outside of what her approved work hours were, and therefore she operated outside the scope of her work, there is a prima facie case precluding the issue of compensability, and thus, disability.

**B.** **Martinez' injury did not arise out of her employment because she failed to comply with Sections § 658.010 and § 659.018.**

Martinez admits that she did not have permission to work at home. (C.R. Supp. at 142) Therefore, statutorily, Martinez's personal residence could not be considered a place of employment because she did not receive prior written authorization to work at home as required by § 658.010. And, since her personal residence could not be considered to be a place of employment, the employment did not expose Martinez to any "hazards or risks." Martinez argues that SORM has no authority to support the contention that the "arises out of" element is defeated regarding the facts of this case. (Appellant's Brief, p. 8). However, as established by both applicable case law and the aforementioned statutes, it is clear that Martinez's injuries could not possibly "arise from" her employment and therefore her injuries cannot be compensable as a matter of law. In addition, Martinez cannot show that the employment activity was a producing cause of the injury as required by the *Crump* standard, outlined above. *Transcontinental Ins. Co.*, 330 S.W.3d at 223.

**C.** **SORM was not required to raise the alleged violation of Texas Government Code § 658.010 and § 659.018 during the administrative proceedings.**

As previously defined, "issue" as used in the Texas Workers Compensation

Act refers to the disputed determination made by the Hearing Officer in rendering his decision. *Texas Workers' Compensation Insurance Fund*, 124 S.W. 3d 813 at 821. Also as discussed above, SORM preserved its right to challenge compensability on judicial review because it properly exhausted its administrative remedies pursuant to Texas Labor Code § 410.302(b). Tex. Lab. Code Ann. § 410.302(b)

SORM is therefore also not barred from raising the statutory violation of Texas Government Code § 658.010 and § 659.018, because the violation is a part of SORM's argument that since Martinez violated an employer policy she could not have sustained a compensable injury. This argument is subsumed within the "compensable injury" argument above, and is not a "new issue" as argued by Martinez. While a party may not raise a new issue on judicial review that was not previously addressed administratively, a party is not prohibited from raising an argument to support its position on one of the issues. In support of the argument that SORM was required to raise the statutory violation, Martinez cites *Hefley v. Sentry Ins. Co.*, to argue that, "a party who fails to raise an issue during the administrative proceedings cannot raise the issue for the first time on judicial review." (Appellants Brief, p. 19) (citing *Hefley v. Sentry Ins. Co*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied)).

28

However, in *Hefley*, the issues at the CCH were compensability and disability. *Id*. at 64. The Plaintiff then attempted to allege for the first time that the Carrier failed to timely dispute the injury. *Id*. at 64-65. Failure to timely dispute is also a separate issue that must be raised at the administrative level, and is a specifically codified issue within the Texas Labor Code. Tex. Lab. Code Ann. § 409.021; Tex. Labor Code Ann. § 409.022. In the case at hand, the issues before the Hearing Officer were also compensability and disability. (C.R. at 38) These two issues remained the same throughout all judicial proceedings in the case and remain the same at this time.

**D.** **SORM previously raised the violation of Section § 658.010 and § 659.018 during the administrative proceedings.**

Further, SORM's argument that Martinez violated the employer's policies and procedures when she failed to obtain prior permission to work overtime has been consistently raised since the time of the CCH. (C.R. Supp. at 142) During the CCH, Martinez was asked whether she was aware that she needed approval to work on June 9, 2001. (C.R Supp. at 142) Martinez stated she was aware that she had to have prior approval before she worked over-time. (C.R. Supp. at 141) The employer's policy that states, "each worker is encouraged to keep O/T to a minimum; additional time needed to complete work tasks, need to be discussed

29

with Anita (Program Director)," was discussed the CCH. (C.R. Supp. at 160) The employer's policy addresses "flex time," and states, in part, "approval is sometimes granted for an adjustment to work hours beyond the regularly scheduled office hours," and "Because your supervisor is responsible for making sure the unit is adequately staffed, you must get your supervisor's approval to adjust your work schedule, and your request may not be approved." (C.R. at 81)

Richard Brooks, Martinez's Supervisor at the time, testified at the CCH confirming that any overtime needs prior approval, and that Martinez did not obtain prior approval. (C.R. Supp. at 153-154) The Hearing Officer even questioned Brooks as to whether he was aware of a state statute that would not pay salary for work done at home. (C.R. Supp. at 162) Finally, the Carrier argued during its closing statement on September 20, 2001, that an employee should not be able to collect workers' compensation when he or she is doing work at their own home that they are not authorized to do. (C.R. Supp. at 169) Therefore, the employer policy violation, which inherently encompasses the statutory violation, has been argued since this case commenced in 2001.

**IV. Martinez's violations regarding the scope of her employment provide sufficient evidence to support the trial courts ruling.**

    **A.**    **Martinez violated an employer rule regulating the scope of the work, therefore precluding compensability**

Martinez's employer enacted rules regulating the time, place, and amount of hours an employee was allowed to work without obtaining prior approval. As decided in the *Maryland Cas. Co. v. Brown* case and discussed above, when an employee conducts work at a location where they have not been given permission to conduct work, that employee is acting outside the scope of his or her employment. *Maryland Cas. Co.*, 115 S.W.2d at 397. However, as outlined in *Brown v. Forum Ins. Co*, when an employee is doing work at the instruction of the employer but violates the manner in which he does so, the employee is not taken out of the course and scope of employment. *Brown,* 507 S.W.2d at 577. Martinez clearly violated an employer rule regulating the scope of her work, as she was conducting work at a location without prior approval. (C.R. Supp. at 142)

The employer's "standard of conduct" clearly addressed the fact that in order for an employee to work hours other than 8:00am to 5:00pm, Monday through Friday, the employee must obtain prior approval from a supervisor. (C.R. Supp. at 68) The employer's policy requires that any additional time needed to complete work be approved, and also states, "work days away from the office should be approved by Anita, and the worker must show productivity while out." (C.R. Supp. at 72-73) Therefore, Martinez incorrectly states in her appeal that the employer's policy does not forbid an employee from working at home, as the

policy clearly outlines that any hours worked away from the office must be approved. (Appellant's Brief, p. 22).

**B.    Martinez violated statutes regulating the scope of her work, therefore precluding compensability.**

Texas Government Code § 658.010 and § 659.018 regulate where it is permissible for state employees to conduct their work, and the accumulation of overtime.  Tex. Gov't Code Ann. § 659.018; Tex. Gov't Code Ann. § 658.010. Sections 658.010(a)(2) and 658.010(b) specifically requires a state employee to have advanced authorization when working at home.  Tex. Gov't Code Ann. § 658.010(a)(2); Tex. Gov't Code Ann. § 658.010(b). While it is true that activities away from the premises of the employer may be considered to be within the "course and scope," these activities are only in the course and scope if both the origination prong and furthering the affairs prong are met.  Further, in order to be compensable, the injury must also arise out of the employment.

It cannot be said, as argued by Martinez, that Martinez was automatically within the "course and scope" because in certain instances an activity off the premises of an employer may be considered to be within the "course and scope." (Appellant's Brief p. 23) (citing Tex. Lab. Code Ann. § 401.011(12)) When an employee violates a statutory regulation, whether civil or penal, and is "doing what

32

he was not employed to do," the employee is acting outside the scope of his employment. *Bugh*, 63 F.2d 36 at 37; *see also, Quarles v. Lumbermen's Reciprocal Ass'n*, 293 S.W. 333 (Tex. Civ. App.—Beaumont 1927, no writ)

Martinez's injury remains outside of the course and scope of employment because Martinez violated the Government Code applicable to State Employees requiring pre-authorization to work at home or overtime. Because this statute governs the scope of employment, her injury cannot be said to be within the course and scope of employment per 401.011(12). In addition, Martinez's injury remains outside of the course and scope of employment because her injury did not originate in her employer nor was she furthering the affairs of her employer at the time her injury.

## V.    SORM is entitled to sovereign immunity for claims of attorney fees under Section 408.221(c)

It is well-settled that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. De Young*, 1 Tex. 764, 769 (1847). In order to effect a waiver of sovereign immunity, the statute must do so by clear and unambiguous language. Tex. Gov't Code Ann. § 311.034. Under Section 311.034, the absence of language clearly and unambiguously stating that immunity is waived ends a court's inquiry, and to

resort to other statutory construction tools to discover a legislative intent to waive immunity is impermissible.

The Legislature has not waived immunity from liability for attorney fees resulting from a suit brought under the Texas Workers' Compensation Act, as Texas Labor Code Section 408.221 does not contain a clear and unambiguous waiver of sovereign immunity for claims of attorney fees as required by Texas Government Code Section 311.034, outlined above. The applicable portion of Texas Labor Code Section 408.221 states:

ATTORNEY'S FEES PAID TO CLAIMANT'S COUNSEL.

(c) An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier…

Tex. Lab. Code Ann. § 408.221(c). Subsection (c) above, upon which Martinez relies in her brief for attorney fees and expenses, would be relevant in this case if SORM was not a state agency. (Appellant's Brief, p. 26). However, in the case at hand, SORM is a state agency. Tex. Lab. Code. Ann. § 412.001. A state agency is defined, by the Labor Code, as "a board, commission, department,

office, or other agency in the executive, judicial, or legislative branch of state government that has five or more employees, was created by the constitution or a statute of this state, and has authority not limited to a specific geographical portion of the state." Tex. Lab. Ann. Code § 412.001(4).

Chapter 501 of the Texas Labor Code governs workers' compensation laws as applied to governmental employees, including the State Office of Risk Management. Tex. Lab. Code Ann. § 501.001. Nowhere in Chapter 501 is there "clear and unambiguous language" waiving sovereign immunity regarding a state agency's liability for attorney fees. In fact, Section 501.002 states that nothing in the chapter creates a cause of action or damages beyond those authorized by the Texas Tort Claims Act. Tex. Lab. Code Ann. § 501.002(d). The Texas Tort Claims Act does not authorize a cause of action or damages for claims of attorney fees. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001 et seq. Therefore, Chapter 501 does not authorize attorney fees under Section 408.221 (c).

The Texas Supreme Court has also applied these statutes and properly affirmed the conclusion that sovereign immunity regarding attorney fees is not waived under Section 408.221(c), because causes of action and damages are limited to those authorized within the Texas Tort Claims Act. *Manbeck v. Austin Ind. School Dist.*, 381 S.W.3d 528, 530 (Tex., 2012); *See also, Univ. of Texas*

*System v. Ochoa*, 413 S.W.3d 769 (Tex. App.—Austin, 2013, pet. denied.); *see also, State Office of Risk Mgmt. v. Ribble*, No. 03-12-00084-CV, 2014 WL 4058936 (Tex. App.—Austin, August 13, 2014, no pet h.)(mem. op., not designated for publication). Because neither Section 408.221 nor Chapter 501 include language clearly and unambiguously effecting a waiver of sovereign immunity, SORM retains sovereign immunity for attorney fee claims under Section 408.221(c) of the Labor Code.

## CONCLUSION

In summation, SORM properly exhausted its administrative remedies in appealing the appeals panel decision by which it was aggrieved as it properly filed a response to request for review and timely filed its Original Petition in District Court. In addition, it is evident Martinez did not sustain a compensable injury, because her injury did not "arise out of" her employment, nor was she within the "course and scope" of her employment. Her injuries did not "arise out of" her employment because the conditions of the employment did not create the activity that placed Martinez in harm's way. Further, Martinez was operating outside the scope of her employment because the activity she was performing when injured did not originate in her work. A finding against SORM could result in any employee claiming a compensable injury under any circumstances when working

at their own home, even when the employer is unaware work is being performed.

Further, Martinez violated rules of her employer and State Statutes regulating the scope of her work. She was aware of the rules at the time of the violation. SORM is also not barred from raising the fact that Martinez violated government codes § 658.010 and § 659.018, because this is not a new separate "issue" that would be required to be raised at the administrative level.

In addition, SORM consistently argued that Martinez worked at home in violation of her employer's instruction to obtain permission prior to working at home. The fact she violated the government code is an argument in support of Martinez's injuries being non-compensable and is not a new issue. Finally, sovereign immunity has not been waived since SORM is a state agency, and therefore attorney fees cannot be awarded.

Because Martinez is unable to show there are any fact issues that would preclude the granting of SORM's Motion for Summary Judgment, the ruling of the trial court should be affirmed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that this Honorable Court of Appeals affirm the trial court's order granting Appellee's motion for summary judgment. Further, Appellee prays that it recover all costs, in

the trial court and Court of Appeals, from the Appellant. The Appellee further prays for all other relief, legal and equitable, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

_____
EMILY JAKOBEIT
Assistant Attorney General
Tort Litigation Division 030
State Bar No. 24063075
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2197
Fax#: (512) 463-2224
emily.jakobeit@texasattorneygeneral.gov
COUNSEL FOR STATE OFFICE OF RISK MANAGEMENT

38

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in the foregoing brief, excluding the items listed in TEX. R. APP. P. 9.4(i)(1), is 8501 words. As allowed by said Rule, the undersigned has relied on the word count of the computer program used to prepare the document, Microsoft Word 2013.

_____
EMILY JAKOBEIT
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2015 at approximately at 3:30 p.m. a true and correct copy of the foregoing instrument was served on the parties listed below either by U.S. mail, certified, return receipt requested, by depositing it enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the care and custody of the United States Postal Service or by electronic service concurrently with the electronic filing of the document. The electronic transmission of the document was reported as complete. My email address is Emily.Jakobeit@texasattorneygeneral.gov and my fax number is (512) 457-4482.

Mr. Kenneth W. Howell                    Via E-Service
Attorney at Law
629 S. Presa
San Antonio, Texas 78210
kwhowell@earthlink.net
**ATTORNEY FOR APPELLANT**

_____
EMILY JAKOBEIT
Assistant Attorney General

**CAUSE NO. 04-14-00558-CV**
_____

**IN THE COURT OF APPEALS**
**FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS**
_____

**EDNA A. MARTINEZ**
                    *APPELLANT*
**V.**

**STATE OFFICE OF RISK MANAGEMENT**
                    *APPELLEE*
_____

**On Appeal from the 37TH Judicial District Court,**
**Bexar County, Texas, Cause No. 2001-CI-17102**
_____

**APPENDIX**

TRIAL COURT'S FINAL JUDGMENT ................................................................A

TEX. LAB. CODE § 410.202 ........................................................................B

TEX. LAB. CODE § 409.021 ........................................................................C

TEX. LAB. CODE § 409.022 ........................................................................D

TEX. GOV'T CODE § 311.034 .....................................................................E

TEX. LAB. CODE § 412.001 ........................................................................F

TEX. LAB. CODE § 501.001 ........................................................................G

TEX. LAB. CODE § 501.002 ........................................................................H

# APPENDIX "A"

## (TRIAL COURT'S FINAL JUDGMENT)

## CAUSE NO. 2001-CI-17102

| | | |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS | § | 37th JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDNA A. MARTINEZ | § | BEXAR COUNTY, TEXAS |

### FINAL JUDGMENT

On the 27th day of March, 2013, the court heard Plaintiff's (State Office of Risk Management) Motion for Summary Judgment, and Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion To Reconsider Defendant's No-Evidence Motion for Summary Judgment. Having considered the respective motions, responses, evidence, and argument of counsel, the court is of the opinion that Plaintiff's Motion for Summary Judgment should be granted, and that Defendant's Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's Motion for No-Evidence Summary Judgment should each be denied.

Further, it appears to the court that the Texas Department of Insurance - Division of Workers' Compensation has received notice of this judgment pursuant TEX. LAB. CODE §410.258, and has not intervened.

Accordingly, the court renders judgment for Plaintiff, State Office of Risk Management, and against Defendant, Edna A. Martinez. It is, therefore:

ORDERED, ADJUDGED, and DECREED that Plaintiff's (State Office of Risk Management) Motion for Summary Judgment is hereby GRANTED;

ORDERED, ADJUDGED, and DECREED that Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's No-Evidence Motion

1

for Summary Judgment are hereby DENIED;

ORDERED, ADJUDGED, and DECREED that the final decision of the Texas Department of Insurance - Division of Worker's Compensation (formerly the Texas Workers' Compensation of Commission) appeals panel in Appeal No. 012392 (Claim No. 01174797) is hereby REVERSED; and judgment rendered that Defendant did not sustain a compensable injury;

ORDERED, ADJUDGED, and DECREED that all taxable court costs expended in this cause are adjudged against the party incurring the same.

This Judgment is final, disposes of all claims and parties, and is appealable.

Signed this _____ day of ___MAY - 6 2014___, 2014. ANTONIA ARTEAGA
DISTRICT JUDGE
57TH DISTRICT COURT

_____
Hon. Antonia Arteaga,
Judge, 57th District Court

APPROVED AS TO FORM:

Sandra E. Salas Horne
Assistant Attorney General
Tort Litigation Division
P. O. Box 12548
Austin, Texas 78711
(512) 463-2197
(512) 463-2224 facsimile

By: _____
Sandra E. Salas
State Bar No. 24051282

ATTORNEY FOR PLAINTIFF

Kenneth W. Howell
Attorney at Law
629 S. Presa
San Antonio, Texas 78205
(210) 227-6305
(210) 227-6327 facsimile

By: _____
Kenneth W. Howell
State Bar No. 10102727

ATTORNEY FOR DEFENDANT

2

# APPENDIX "B"

**(TEX. LAB. CODE § 410.202)**



C

**Effective: June 17, 2001**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        ↖▤ Chapter 410. Adjudication of Disputes (Refs & Annos)
          ↖▤ Subchapter E. Appeals Panel (Refs & Annos)
          ➡➡ **§ 410.202. Request for Appeal; Response**

(a) To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

(b) The respondent shall file a written response with the appeals panel not later than the 15th day after the date on which the copy of the request for appeal is served and shall on the same date serve a copy of the response on the appellant.

(c) A request for appeal or a response must clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought.

(d) Saturdays and Sundays and holidays listed in Section 662.003, Government Code, are not included in the computation of the time in which a request for an appeal under Subsection (a) or a response under Subsection (b) must be filed.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2001, 77th Leg., ch. 1456, § 12.01, eff. June 17, 2001.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

# APPENDIX "C"

**(TEX. LAB. CODE § 409.021)**



**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        ⌐▤ Chapter 409. Compensation Procedures
          ⌐▤ Subchapter B. Payment of Benefits (Refs & Annos)
            ➡➡ **§ 409.021. Initiation of Benefits; Insurance Carrier's Refusal; Administrative Violation**

(a) An insurance carrier shall initiate compensation under this subtitle promptly. Not later than the 15th day after the date on which an insurance carrier receives written notice of an injury, the insurance carrier shall:

  (1) begin the payment of benefits as required by this subtitle; or

  (2) notify the division and the employee in writing of its refusal to pay and advise the employee of:

    (A) the right to request a benefit review conference; and

    (B) the means to obtain additional information from the division.

(a-1) An insurance carrier that fails to comply with Subsection (a) does not waive the carrier's right to contest the compensability of the injury as provided by Subsection (c) but commits an administrative violation subject to Subsection (e).

(a-2) An insurance carrier is not required to comply with Subsection (a) if the insurance carrier has accepted the claim as a compensable injury and income or death benefits have not yet accrued but will be paid by the insurance carrier when the benefits accrue and are due.

(b) An insurance carrier shall notify the division in writing of the initiation of income or death benefit payments in the manner prescribed by commissioner rules.

(c) If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60-day period.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(d) An insurance carrier may reopen the issue of the compensability of an injury if there is a finding of evidence that could not reasonably have been discovered earlier.

(e) An insurance carrier commits an administrative violation if the insurance carrier does not initiate payments or file a notice of refusal as required by this section.

<Text of subsec. (f) as added by Acts 2003, 78th Leg., ch. 939, § 1>

(f) For purposes of this section, "written notice" to a certified self-insurer occurs only on written notice to the qualified claims servicing contractor designated by the certified self-insurer under Section 407.061(c).

<Text of subsec. (f) as added by Acts 2003, 78th Leg., ch. 1100, § 1>

(f) For purposes of this section:

   (1) a certified self-insurer receives notice on the date the qualified claims servicing contractor designated by the certified self-insurer under Section 407.061(c) receives notice; and

   (2) a political subdivision that self-insures under Section 504.011, either individually or through an interlocal agreement with other political subdivisions, receives notice on the date the intergovernmental risk pool or other entity responsible for administering the claim for the political subdivision receives notice.

(g) to (i) Blank.

(j) Each insurance carrier shall establish a single point of contact in the carrier's office for an injured employee for whom the carrier receives a notice of injury.

CREDIT(S)

Added by Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2003, 78th Leg., ch. 939, § 1, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1100, § 1, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 265, § 3.145, eff. Sept. 1, 2005; Acts 2011, 82nd Leg., ch. 1162 (H.B. 2605), § 13, eff. Sept. 1, 2011.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# APPENDIX "D"

**(TEX. LAB. CODE § 409.022)**



**Effective: September 1, 2005**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 409. Compensation Procedures
          Subchapter B. Payment of Benefits (Refs & Annos)
            **§ 409.022. Refusal to Pay Benefits; Notice; Administrative Violation**

(a) An insurance carrier's notice of refusal to pay benefits under Section 409.021 must specify the grounds for the refusal.

(b) The grounds for the refusal specified in the notice constitute the only basis for the insurance carrier's defense on the issue of compensability in a subsequent proceeding, unless the defense is based on newly discovered evidence that could not reasonably have been discovered at an earlier date.

(c) An insurance carrier commits an administrative violation if the insurance carrier does not have reasonable grounds for a refusal to pay benefits, as determined by the commissioner.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.146, eff. Sept. 1, 2005.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

# APPENDIX "E"

**(TEX. GOV'T CODE § 311.034)**



**Effective: September 1, 2005**

Vernon's Texas Statutes and Codes Annotated Currentness
  Government Code (Refs & Annos)
    Title 3. Legislative Branch (Refs & Annos)
      Subtitle B. Legislation
        Chapter 311. Code Construction Act (Refs & Annos)
          Subchapter C. Construction of Statutes (Refs & Annos)
            **§ 311.034. Waiver of Sovereign Immunity**

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

CREDIT(S)

Added by Acts 2001, 77th Leg., ch. 1158, § 8, eff. June 15, 2001. Amended by Acts 2005, 79th Leg., ch. 1150, § 1, eff. Sept. 1, 2005.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

# APPENDIX "F"

**(TEX. LAB. CODE § 412.001)**



**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 412. State Office of Risk Management (Refs & Annos)
          Subchapter A. General Provisions
          → → **§ 412.001. Definitions**

In this chapter:

(1) "Board" means the risk management board.

(2) "Director" means the executive director of the office.

(3) "Office" means the State Office of Risk Management.

(4) "State agency" means a board, commission, department, office, or other agency in the executive, judicial, or legislative branch of state government that has five or more employees, was created by the constitution or a statute of this state, and has authority not limited to a specific geographical portion of the state.

CREDIT(S)

Amended by Acts 1997, 75th Leg., ch. 1098, § 1, eff. Sept. 1, 1997.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

# APPENDIX "G"

**(TEX. LAB. CODE § 501.001)**



C

**Effective: September 1, 2013**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle C. Workers' Compensation Insurance Coverage for Certain Government Employees
        Chapter 501. Workers' Compensation Insurance Coverage for State Employees, Including Employees Under the Direction or Control of the Board of Regents of Texas Tech University (Refs & Annos)
          Subchapter A. General Provisions
            **§ 501.001. Definitions**

In this chapter:

(1) "Division" means the division of workers' compensation of the Texas Department of Insurance.

(2) "Compensable injury" has the meaning assigned to that term under Subtitle A. [FN1]

(3) "Director" means the director of the State Office of Risk Management.

(4) "Office" means the State Office of Risk Management.

(5) "Employee" means a person who is:

(A) in the service of the state pursuant to an election, appointment, or express oral or written contract of hire;

(B) paid from state funds but whose duties require that the person work and frequently receive supervision in a political subdivision of the state;

(C) a peace officer employed by a political subdivision, while the peace officer is exercising authority granted under:

(i) Article 2.12, Code of Criminal Procedure; or

(ii) Articles 14.03(d) and (g), Code of Criminal Procedure;

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(D) a member of the state military forces, as defined by Section 437.001, Government Code, who is engaged in authorized training or duty; or

(E) a Texas Task Force 1 member, as defined by Section 88.301, Education Code, who is activated by the Texas Division of Emergency Management or is injured during training sponsored or sanctioned by Texas Task Force 1.

(6) "State agency" includes a department, board, commission, or institution of this state.

(7) "Board" means the risk management board.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 1098, § 2, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1205, § 5, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1456, § 14.02, eff. June 17, 2001; Acts 2003, 78th Leg., ch. 644, § 3, eff. June 20, 2003; Acts 2005, 79th Leg., ch. 265, § 3.288, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 1146, § 2B.09, eff. Sept. 1, 2009; Acts 2013, 83rd Leg., ch. 1217 (S.B. 1536), § 3.15, eff. Sept. 1, 2013.

[FN1] See V.T.C.A., Labor Code § 401.001.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# APPENDIX "H"

**(TEX. LAB. CODE § 501.002)**



C

**Effective: September 1, 2005**

Vernon's Texas Statutes and Codes Annotated Currentness
    Labor Code (Refs & Annos)
        Title 5. Workers' Compensation
            Subtitle C. Workers' Compensation Insurance Coverage for Certain Government Employees
                Chapter 501. Workers' Compensation Insurance Coverage for State Employees, Including Employees Under the Direction or Control of the Board of Regents of Texas Tech University (Refs & Annos)
                    Subchapter A. General Provisions
                        **§ 501.002. Application of General Workers' Compensation Laws; Limit on Actions and Damages**

(a) The following provisions of Subtitles A and B [FN1] apply to and are included in this chapter except to the extent that they are inconsistent with this chapter:

(1) Chapter 401, other than Section 401.012 defining "employee";

(2) Chapter 402;

(3) Chapter 403, other than Sections 403.001-403.005;

(4) Chapters 404 and 405;

(5) Subchapters B and D through H, [FN2] Chapter 406, other than Sections 406.071(a), 406.073, and 406.075;

(6) Chapter 408, other than Sections 408.001(b) and (c);

(7) Chapters 409 and 410;

(8) Subchapters A and G, [FN3] Chapter 411, other than Sections 411.003 and 411.004;

(9) Chapters 412-417; and

(10) Chapter 451.

(b) For the purposes of this chapter and Chapter 451, the individual state agency shall be considered the employer.

(c) For the purpose of applying the provisions listed by Subsection (a) to this chapter, "insurer" or "employer" means "state," "office," "director," or "state agency," as applicable.

(d) Neither this chapter nor Subtitle A authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code.

(e) For the purposes of this chapter and Chapter 451, the adjutant general is considered the employer of a member of the state military forces while engaged in authorized training or duty.

(f) For purposes of this chapter and Subchapter D, Chapter 88, Education Code, the Texas Engineering Extension Service of The Texas A&M University System shall perform all duties of an employer in relation to a Texas Task Force 1 member who is injured and receives benefits under this chapter.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 980, § 2.01, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1098, § 3, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1205, § 6, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 644, § 4, eff. June 20, 2003; Acts 2005, 79th Leg., ch. 265, § 3.289, eff. Sept. 1, 2005.

[FN1] V.T.C.A., Labor Code § 401.001 et seq. and § 451.001 et seq.

[FN2] V.T.C.A., Labor Code § 406.031 et seq., § 406.071 et seq., § 406.091 et seq., § 406.121 et seq., § 406.141 et seq. and § 406.161 et seq.

[FN3] V.T.C.A., Labor Code § 411.001 et seq. and § 411.091 et seq.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.